MARY IRWIN, Respondent, v. FRANKLIN SIMON, Defendant, Impleaded with J. J. STEINDLER COMPANY, Appellant.

First Department, December 31, 1917.

Negligence — failure of owner of building to equip stairway with handrail — evidence raising issue under Labor Law — erroneous submission of issue as to common-law liability — new trial necessary where general verdict rendered after erroneous submission of issue.

Action to recover damages for personal injuries received by the plaintiff who, while employed in a building used for the manufacture of wearing apparel, fell down a winding stairway which lacked a rail upon one side. Evidence examined, and *held*, that it was proper to submit to the jury the question as to whether the building was a factory within the meaning of the Labor Law and that a finding on that issue in favor of the plaintiff should not be disturbed.

*Held further*, that there was no evidence sufficient to justify the court in submitting to the jury, in addition to the liability of the defendant under the Labor Law, the question as to whether the defendant, who was owner of the building, had failed to perform a common-law obligation to provide and maintain a reasonably safe stairway.

As the jury found a general verdict for the plaintiff and may have founded the same upon the issue erroneously submitted, the judgment must be reversed and a new trial ordered.

SCOTT, J., dissented, with opinion.

APPEAL by the defendant, J. J. Steindler Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of February, 1917, on the verdict of a jury

for $8,000, and also from an order entered in said clerk's office on the 8th day of March, 1917, denying said defendant's motion for a new trial made upon the minutes.

*Lyman A. Spalding* of counsel [*Walter J. Rosenstein* with him on the brief], for the appellant.

*William F. Delaney* of counsel [*George J. Gillespie* with him on the brief], *Gillespie & O'Connor*, attorneys, for the respondent.

DOWLING, J.:

Plaintiff has recovered for the second time a verdict against the defendant J. J. Steindler Company. The judgment entered on the first verdict was reversed by this court upon a prior appeal because of the erroneous admission of testimony. (170 App. Div. 811.) The facts are fully discussed in that opinion and it is unnecessary to restate them, as the record before us is not materially different from the former one. As the result of the determination of this court just cited, the submission to the jury of the question as to whether the building wherein the accident occurred was a factory within the meaning of the Labor Law was proper, nor should their finding thereupon be disturbed. Necessarily involved in that finding is the question of defendant's duty of compliance with the provisions of the Labor Law and particularly with section 80 thereof, requiring that proper and substantial handrails shall be provided on all stairways in factories. (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 80.)* Upon that theory of the case, there still remained for determination the questions (1) whether the defendant's violation of its statutory duty was the proximate cause of the injuries sustained by plaintiff, and (2) whether plaintiff was free from negligence contributing to her injuries. But upon the present trial the case was submitted to the jury by the learned trial court, not only upon the theory of defendant's liability because of its violation of a statutory duty to provide handrails upon the stairway in question, but also upon the

* Repealed by Laws of 1913, chap. 461, § 2. Now Labor Law, § 79c, subd. 1, as added by Laws of 1913, chap. 461.— [REP.

theory of defendant's liability because of its failure to perform its common-law duty to provide and maintain a reasonably safe stairway, inasmuch as it had retained, as owner of the building, the maintenance, care and control of the hallways, stairs and stairways of the building (including the stairway in question) which were used in common by all the tenants on the premises and their employees, plaintiff being the employee of one of the defendant's tenants. Defendant by exceptions and by its requests to charge, duly raised the question as to the erroneous submission to the jury of the alleged liability of defendant at common law. We are of the opinion that there was not sufficient evidence of any negligence of defendant at common law to warrant submitting that issue to the jury for determination. There was sufficent evidence to warrant submitting to the jury the issue as to defendant's liability under the Labor Law. The jury found a general verdict for plaintiff, and there is no way of determining upon which of these theories they predicated liability. Under these conditions, as the jury may have found for plaintiff upon the erroneously submitted theory of defendant's alleged liability at common law, for which no basis existed, the judgment appealed from must be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN and SHEARN, JJ., concurred; SCOTT, J., dissented.

SCOTT, J. (dissenting):

The only serious objection to the affirmance of the judgment appealed from (apart from the size of the verdict) is that the court erroneously submitted the case to the jury with instructions that it might find defendant liable either at common law, or under the Labor Law, whereas upon the evidence the case should have been submitted under the Labor Law alone.

I fully appreciate the force of the general rule that when a case has been submitted to a jury upon two theories, one of which is supported by the evidence, and the other of which is not, and a general verdict is rendered, the judgment should not be sustained because it is impossible to determine which theory of the case the jury acted upon. But that

general rule should be applied with discretion. In the present case the evidence was ample to sustain a recovery by plaintiff under the Labor Law.

The building in which the accident occurred was clearly a "tenant-factory" as defined in section 94 of the Labor Law (Consol. Laws, chap. 31; Laws of 1909, chap. 36), and the stairway was as clearly unprovided with "proper and substantial" handrails. (Labor Law, § 80.)* In fact for part of the way there were no handrails at all. So much the jury must have found from the evidence, and so finding the defendant was shown to be *prima facie* guilty of negligence, and this was sufficient to justify a verdict, the happening of the accident, the damage to plaintiff and her freedom from contributory negligence having been found by the jury as they must have been found to justify a verdict upon any theory of the case.

It seems to me to be going very far to assume that the jury may have disregarded the plain violation of the Labor Law disclosed by the evidence, and have resorted to the common law to find a foundation for charging the defendant with negligence, if indeed (which is very doubtful) it appreciated the distinction between liability under the Labor Law and liability at common law.

The plaintiff has now had two trials and has succeeded in both. Her first judgment was reversed for an error in the admission of evidence. It is now proposed to reverse her second judgment for an error in the charge which I cannot help thinking should be disregarded as immaterial. There can be no doubt, I think, that the plaintiff has shown herself to be entitled to some recovery, and that if a new trial be had without error in the admission of evidence and with an unimpeachable charge by the court she will again recover. We are constrained by section 1317 of the Code of Civil Procedure to "give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." Under the circumstances of the case the error in the charge of which I have spoken cannot be

---

* Repealed by Laws of 1913, chap. 461, § 2. Now Labor Law, § 79c, subd. 1, as added by Laws of 1913, chap. 461.— [REP.

said, in my opinion, to have affected the substantial rights of the parties.

I do think, however, that the verdict was much too large. I am, therefore, in favor of reversing the judgment and ordering a new trial, with costs to appellant to abide the event, unless she will stipulate that the recovery be reduced to $4,000, in which event the judgment, as modified, should be affirmed.

Judgment reversed, new trial ordered, costs to appellant to abide event.