Terez Kretik, as Administratrix of the Estate of George Kretik, Deceased, Respondent, v. The New York Central Railroad Company, Appellant.

Railroads — negligence — injury to person lying upon track — engineer of moving train bound to use reasonable care, only, to see such person.

Where an object, which afterward turned out to be the plaintiff's intestate, was lying between the tracks of defendant's railroad at a street crossing, as a train was approaching, and was struck by the train, and there is no evidence to show how or why decedent was there, and the engineer of the train testified that, although he was looking out of his front cab window, he did not see decedent and could not have seen him, owing to a curve in the track, unless he had leaned out of the cab window to look, it was error for the trial court to submit to the jury the question whether the engineer ought to have seen the decedent in the exercise of due care. There was no such duty unless he had reason to believe that some person was there and he had basis for such belief unless the object was already visible; the engineer in the exercise of due care was not bound, under the particular circumstances in this case, to lean over and put his head out of the cab window in order to have seen the decedent.

*Kretik v. N. Y. Central R. R. Co.,* 187 App. Div. 922, reversed.

(Argued November 26, 1919; decided January 6, 1920.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 1, 1919, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Purcell* for appellant. The defendant was not guilty of willful or other negligence. (*Bragg* v. *Central N. E. R. R. Co.*, 160 App. Div. 603; *Sutton* v. *N. Y. Central R. R. Co.*, 66 N. Y. 243; *Chrystal* v. *Troy & Boston R. R. Co.*, 105 N. Y. 164; *O'Brien* v. *Erie R. R. Co.*, 210 N. Y. 96; *Feeck* v. *N. Y. C. R. R. Co.*, 180 App. Div. 253; *Phealan* v. *Rae,* 101 Misc. Rep. 424.)

*Alfonse F. Spiegel* and *Harry Flaum* for respondent. The case is replete with evidence of defendant's negligence and it was correctly submitted to the jury. (*Foley* v. *N. Y. Central R. R. Co.*, 197 N. Y. 430; *Salter* v. *Utica R. R. Co.*, 59 N. Y. 631; *Powell* v. *N. Y. C. R. R. Co.*, 22 Hun, 56; *G. T. R. R. Co.* v. *Ives,* 144 U. S. 408; *Bradley* v. *Degnon Cont. Co.*, 224 N. Y. 60; *Deering* v. *N. Y. C. R. R. Co.*, 22 N. Y. Supp. 344; *Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343; *McCaffery* v. *D. & H. Canal Co.*, 16 N. Y. Supp. 495; 137 N. Y. 568; *Waldele* v. *N. Y. C. R. R. Co.*, 19 Hun, 69; *Rider* v. *Syracuse Ry. Co.*, 171 N. Y. 139.)

ELKUS, J. Plaintiff's intestate, George Kretik, 41 years of age, received injuries, resulting in his death, on January 10, 1917, between ten and eleven o'clock in the forenoon, by being struck by a locomotive operated by the defendant which was attached to a milk train, on defendant's tracks near where Jackson street was intersected by the defendant's railroad, at Lowville, Lewis county, New York. The day was cold and it was snowing.

Jackson street is a much-used and well-paved commercial thoroughfare. The crossing is at grade and is unprotected and unguarded. There are no flagmen, gates or bars to safeguard the public in crossing the tracks. There are sidewalks on Jackson street on both sides of the roadbed, interrupted by the tracks. The decedent was first seen just before the accident, walking back and forth on the north sidewalk of Jackson street,

a short distance from the tracks. An object, which afterwards turned out to be the decedent, was seen, shortly before the decedent was struck, lying on the railroad bed near to what would be the continued line of the south sidewalk of Jackson street, across the six-foot space between the main and side tracks. A few minutes after the decedent was first seen in this position, the train approached. The engineer stopped the train when he saw the decedent's body roll from the track after having been struck by the engine. Decedent died as the result of the injuries.

The plaintiff claims that the train approached without blowing a whistle or sounding a bell, which is denied by the engineer and fireman operating the engine, who claim that whistle was blown and bell sounded. The plaintiff's witnesses testified that the train was running about five miles an hour, and the defendant's witnesses, the engineer and brakeman, testified it was running between ten and fifteen miles an hour. The engineer testified he was looking out of his front cab window, but did not see the plaintiff's intestate; that he could not see him unless he looked out of the side cab window and leaned over to do so; that he had his hand on a part of the machinery, not the throttle as the steam was shut off; that it was necessary for him to do this, but the part of the machinery upon which he had his hand was not stated nor the necessity for it.

There was no evidence introduced to explain why the plaintiff's intestate was lying upon the track. It was surmised that he was taken ill or had fainted or had fallen there. The plaintiff's claim is that the defendant's engineer, exercising due care, ought to have seen the man lying near the track and ought to have stopped his train before striking him. The defendant claims there was a curve in the track and by reason of that curve it was impossible for the engineer, sitting on his seat on the right side of the cab and looking straight ahead, to see

the plaintiff's intestate lying by the track. One of the plaintiff's witnesses testified that he could see down the track from Jackson street toward the direction in which the train was coming about six or seven hundred feet, but there was no evidence in the case as to how far an engineer, sitting in his engine, could see and whether or not an engineer could see a person lying between the tracks where the plaintiff's intestate was. The view of one standing up and looking along a curve of a railroad at an object six or seven hundred feet away would be entirely different from that of one sitting in an engine or at the height of an engine, looking along the railroad track at the same distance, especially when a curve existed in the track. The defendant's engineer testified that the front part of his engine, the boiler, extended out so far that it interfered with his view, and that because of the curve he could not see the point of intersection of Jackson street and the track, and, therefore, was unable to see the man on the ground near the track by looking out of the front window.

The court submitted to the jury, as a critical question in the case, whether the engineer, in the exercise of due care, ought to have seen the decedent. The engineer testified, however, that he did not and could not see the plaintiff's intestate and, though the jury would not be bound by his testimony, if there had been any direct testimony to the contrary or even any testimony from which a different inference could have been drawn, we find none in this record. We cannot agree with the trial court that it was a question for the jury whether, when approaching a crossing, the engineer ought to have leaned out of the cab window in order to see if any person was lying on or near the tracks. There was no such duty unless he had reason to believe that some person *was* there. He had no such reason unless the object was already visible.

The engineer was bound to exercise only reasonable

care in the management of the train. (*Chrystal* v. *Troy & B. Railroad Co.*, 105 N. Y. 164.) He has the right in broad daylight, when his train is perfectly visible, and its approach must be heard and known, at least in the first instance, to assume that a person will leave the track to escape injury. Reasonable care in the management of trains, which have the right of way, does not require more. (*O'Brien* v. *Erie Railroad Co.*, 210 N. Y. 96.)

The evidence produced is insufficient upon a reasonable view to sustain the verdict appealed from. The question in the case is whether the engineer in the exercise of due care ought to have seen the decedent, but the engineer was not bound, under the particular circumstances of this case, to lean over and put his head out of the cab window to do this. (*O'Brien* v. *Erie Railroad Co.*, 210 N. Y. 96.)

There was failure to prove many matters which may be susceptible of proof, some of which have been indicated. These may be supplied upon a new trial. I believe the ends of justice will be best served by granting a new trial.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

HISCOCK, Ch. J., COLLIN, HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ., concur.

Judgments reversed, etc.