MARY IRWIN, Appellant, *v.* FRANKLIN SIMON, Defendant, Impleaded with J. J. STEINDLER COMPANY, Respondent.

*Master and servant — negligence — Labor Law — tenant-factory — trial — instructions to jury — submission of issues to jury — requests to charge — denial thereof — exceptions.*

Appeal from a judgment of the Supreme Court in favor of the defendant, J. J. Steindler Company, entered in the New York county clerk's office June 28, 1918, upon the verdict of a jury, and also from an order entered June 27, 1918, denying a motion for a new trial.

Judgment and order affirmed, with costs. No opinion. Present — Dowling, Laughlin, Page, Merrell and Greenbaum, JJ.; Page and Greenbaum, JJ., dissenting.

GREENBAUM, J. (dissenting): This case has been before this court on two previous appeals. Upon the first appeal the court set aside a verdict of $3,000 in favor of the plaintiff upon the ground of the erroneous admission of certain evidence, detrimental to defendant. (*Irwin* v. *Simon*, 170 App.

Div. 811.)  Upon the second appeal the court reversed the judgment for the plaintiff upon a verdict of $8,000 in her favor upon the ground that the court on the trial of that action erred in submitting to the jury the alleged liability of the defendant both upon the theory of defendant's negligence in violating the Labor Law, and its alleged liability at common law, as to which this court held the evidence was insufficient.  (*Irwin* v. *Simon*, 181 App. Div. 93.)  This is an appeal by the plaintiff from a judgment in favor of the defendant and from an order denying plaintiff's motion to set aside the verdict and for a new trial.  The gravamen of this action is that plaintiff while employed in the premises Nos. 8 to 14 West Thirty-eighth street in the borough of Manhattan, sustained injuries as she was descending the stairs leading to the basement thereof, which were occasioned solely by the omission of the landlord and his lessee to provide, as required by the law, " proper and substantial hand rails " along the side of the stairway where she fell.  If the injury was due to the absence of such a rail, then the negligence of the defendants would be established as a matter of law, provided it was also undisputedly shown that the building in question was a " tenant-factory " within the meaning of the Labor Law of this State in force when the accident happened.*  The serious question upon this appeal is whether the learned trial justice erred in refusing to charge the jury that upon the unquestioned evidence the building in which the accident happened was a " tenant-factory " within the meaning of the Labor Law and in leaving it to them to decide whether or not it was a " tenant-factory " under the law.  In the opinions of this court upon both the first and second appeals it was substantially stated that the evidence was sufficient to justify the submission to the jury of the question whether the building was used as a " tenant-factory."  Inasmuch, however, as each of the prior judgments was in favor of the plaintiff, no occasion existed upon the former appeals to consider the proposition of law which is now for the first time squarely before the court, whether upon the conceded facts in the case, it was not the duty of the court to instruct the jury that the building was a " tenant-factory " within the meaning of the Labor Law.  Section 80. of the Labor Law in force at the time of the accident provided as follows: " Proper and substantial hand rails shall be provided on all stairways in factories." Under section 2 of the same law a factory was defined as follows: " The term ' factory,' when used in this chapter shall be construed to include also any mill, workshop, or other manufacturing or business establishment where one or more persons are employed at labor."  Section 94, entitled " Tenant-factories," provides as follows: " A tenant-factory within the meaning of the term as used in this chapter is a building, separate parts of which are occupied and used by different persons, companies or corporations, and one or more of which parts is so used as to constitute in law a factory.  The owner, whether or not he is also one of the occupants, instead of the respective lessees or tenants, shall be responsible for the observance and punishable for the nonobservance of the following provisions of this

---

* See Consol. Laws, chap. 31 (Laws of 1909, chap. 36), §§ 2, 80, 94.— [REP.

article, anything in any lease to the contrary notwithstanding,— namely, the provisions of sections * * * eighty," etc. Plaintiff requested the court below to charge that at the time of plaintiff's injury the building of the defendant was a " tenant-factory " within the meaning of the Labor Law. This request was refused and plaintiff thereupon took an exception to such refusal and also an exception to the court's submission of that question to the jury. The uncontradicted evidence was that the fifth floor was used for making alterations upon dresses and suits sold by the defendant Simon and that a number of sewing mach'nes were operated by employees who were engaged on that kind of work. It is not disputed that about 200 men and women were regularly employed on that floor upon alterations on various garments, some of them sewing by hand and others doing basting and cutting. There was also testimony in behalf of the plaintiff that upon special orders, new dresses were manufactured upon these premises. That testimony was, however, contradicted by the defendant. There was thus as to manufacturing new garments a disputed question of fact, but none as to alterations upon gowns and dresses. Of course, in so far as the testimony was contradictory, it might be proper if the parties so desired for the purposes of appeal to submit that issue of fact to the jury. Upon the uncontradicted evidence that the building was used as a " workshop " for alterations of women's apparel, it seems to me as will presently be shown, that it was the duty of the court to instruct, the jury as matter of law that it was a " tenant-factory " and if they found that the failure to comply with the law applicable to such buildings requiring the installation of " proper and substantial " handrails on the stairway, was the proximate cause of the injury, then they should find that the defendant was chargeable with negligence. The rule is now settled that violation of a statute by a party charged with the duty of observing it is not merely evidence of negligence, but is negligence in itself. (*Martin* v. *Herzog*, 228 N. Y. 164.) There are two reported cases which have construed the Labor Law as to the meaning of the words " business establishment " mentioned in the act. In *Rabe* v. *Cons. Ice Co.* (113 Fed. Rep. 905) the Circuit Court of Appeals in construing the New York Labor Law held that a commercial icehouse, which was extensively equipped with machinery and in which numerous operatives were engaged in work, was a factory within the meaning of that statute, saying: " The purpose of the statute is to throw a safeguard around the workmen employed in business establishments where machinery is in use which may endanger those who are likely to be brought into contact with it, and to whom its presence, if it is not protected, is a constant menace. So far as is consistent with the language of the statute, that purpose whould be given effect. The language is sufficiently comprehensive to include a commercial icehouse. By the statutory definition, a factory includes, not only a manufacturing establishment, but a business establishment where one or more persons are employed at labor, and the particular enumeration preceding the term ' or other manufacturing or business establishments,' is too meager to restrict the meaning of the term by the application of the rule *ejusdem*

*generis.*" That decision, however, is not in harmony with the opinion of the Court of Appeals as to the interpretation of the words " business establishment." In *Shannahan* v. *Empire Engineering Corp.* (204 N. Y. 543) the court held per VANN, J.: " A tugboat is neither a factory nor a ' mill, workshop or other manufacturing or business establishment ' within the meaning of the Labor Law even when liberally construed for the purpose of protecting workmen and especially minors employed where machinery is used. A factory is a structure or plant where something is made or manufactured from raw or partly wrought materials into forms suitable for use. This is the primary definition which was extended by the statute so as to include any ' mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor.' The term ' business establishment ' as thus used means one resembling a mill, workshop or other manufacturing establishment. It is confined to things of the same general character as those named. It does not mean all business establishments where one or more persons are employed at labor, but only those engaged to some extent at least in manufacturing of some kind. Obviously it does not include a hotel, grocery, store and many other business establishments where one or more persons are employed at labor. A towboat navigating a river cannot be held an ' establishment ' of any kind without trifling with the plain meaning of the word." There was no attempt in either of the foregoing opinions to define the meaning of a " workshop." The Court of Appeals plainly said that the *primary* definition of a factory was a " structure or plant where something is made or manufactured from raw or partly wrought materials into forms suitable for use " and then added that this *primary* definition *was extended* by the statute to include " any ' mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor,' " thus clearly indicating that it did not decide, nor intend to decide, that the statute referred exclusively to a " factory " within the primary definition of that term as given in the opinion. A " workshop " is a much more comprehensive term than a " manufacturing establishment." It is defined in Webster's International Dictionary (Ed. 1906): " A shop where any manufacturing or handiwork is carried on." In the same dictionary " handiwork " is defined: " Work done by the hands; hence any work done personally." The Century Dictionary thus defines " workshop: " " A shop or building where a workman, mechanic or artificer, or a number of such, carry on their work; a place where any work or handicraft is carried on." Assuredly a place where women's garments are repaired is a " workshop." In *Hoffmeyer* v. *State* (37 Ind. App. 526; 77 N. E. Rep. 372) it is held that a street railroad repair shop was a " workshop." As already stated it is not denied that a part of the building was used for alterations of garments and hence was a " workshop " where one or more persons were employed at labor. Under the circumstances it was unimportant to submit to the jury the disputed question of fact whether the building was also used for " manufacturing " in the primary sense as stated in the *Shannahan Case* (*supra*) unless for the sake of caution, the

court saw fit to submit the question as an independent and separate issue of fact.    The charge of the learned trial justice made no attempt to differentiate between " workshop " or " other manufacturing," nor was the jury told to take into consideration what the building was used for, or what tests to apply in order to determine whether the building was a " tenant-factory."    The court merely read to the jury the provisions of the Labor Law which treated of a " tenant-factory," and in effect left it to them to interpret the law instead of itself assuming the responsibility of declaring the law in that regard.    The only questions that should have been submitted to the jury were whether the absence of a " proper and substantial " rail was the proximate cause of plaintiff's injury and whether plaintiff was free from contributory negligence, and if both these facts were found in her favor, then what her damages were.    The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.    Page, J., concurs.