WILL LEE, as Administrator of the Estate of JOSIE LEE, Deceased, Appellant, *v.* PENNSYLVANIA RAILROAD COMPANY, Respondent.

(Argued October 11, 1935; decided November 19, 1935.)

*Harold J. Tillou* for appellant. There was ample proof of negligence on the part of the defendant. (*Storr* v.

*N. Y. C. R. R. Co.*, 261 N. Y. 348; *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233; *Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206; *Caledonian Ins. Co.* v. *Erie R. R. Co.*, 219 App. Div. 685; *Bragg* v. *Central N. E. Ry. Co.*, 228 N. Y. 54; *Frazier* v. *Reiman*, 230 App. Div. 394; *Kolanka* v. *Erie R. R. Co.*, 215 App. Div. 82; *O'Brien* v. *Erie R. R. Co.*, 210 N. Y. 96; *Barnett* v. *N. Y. C. R. R. Co.*, 227 App. Div. 636; *Grippen* v. *N. Y. C. R. R. Co.*, 40 N. Y. 34; *Morris* v. *Railway Co.*, 148 N. Y. 182; *Spooner* v. *D., L. & W. R. R. Co.*, 115 N. Y. 22; *Chrystal* v. *Troy & Boston R. R. Co.*, 105 N. Y. 164; *Salter* v. *Utica & Black River R. R. Co.*, 88 N. Y. 42; *Cordell* v. *N. Y. C. R. R. Co.*, 70 N. Y. 119; *Dyer* v. *Erie R. R. Co.*, 71 N. Y. 228; *Gilliland* v. *D. & H. R. R. Co.*, 207 App. Div. 509.)

*Harold J. Adams* and *Percy R. Smith* for respondent. There was no proof of negligence on the part of the defendant. (*Bragg* v. *Central N. E. Ry. Co.*, 152 App. Div. 444; *Wright* v. *Union Ry. Co.*, 224 App. Div. 55; 250 N. Y. 526; *Starr* v. *N. Y. C. R. R. Co.*, 261 N. Y. 348; *Panarese* v. *Union Ry. Co.*, 261 N. Y. 233; *Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206; *O'Brien* v. *Erie R. R. Co.*, 210 N. Y. 96; *Albrecht* v. *Rochester, S. & E. R. R. Co.*, 205 N. Y. 230; *Caledonian Ins. Co.* v. *Erie R. R. Co.*, 219 App. Div. 685; *Kawacz* v. *D., L. & W. R. R. Co.*, 259 N. Y. 166; *Harrington* v. *N. Y. C. R. R. Co.*, 254 N. Y. 617.)

O'BRIEN, J. A car owned and driven by a brother of Josie Lee, who was one of its occupants, overturned on defendant's tracks at a point where they cross a highway. The others were able to extricate themselves from the car before defendant's train bore down upon it, crushed it and killed Josie Lee, the sole remaining occupant. The collision occurred a few minutes before sunrise in August. There is evidence that daylight had broken, the track was straight for a mile, nothing obstructed the vision between

the train and the overturned car and that the train was visible when it was at least a mile away. Defendant's engineer admits that, although he was looking straight ahead, he did not discover the object on the track until he had approached to a point within seven hundred or a thousand feet. As soon as he became aware of the impediment, he applied his emergency brakes but was then unable to avoid the collision. The circumstances are unlike those in such cases as *Chrystal* v. *T. & B. R. R. Co.* (105 N. Y. 164); *O'Brien* v. *Erie R. R. Co.* (210 N. Y. 96); *Fierro* v. *N. Y. C. R. R. Co.* (256 N. Y. 446) and *Kawacz* v. *D., L. & W. R. R. Co.* (259 N. Y. 166), where we held that the driver of a locomotive is not bound to stop his train the moment he sees some living object on the track but has the right to assume that such a being will leave the track in time to escape injury. If he is under no obligation to stop at sight, no duty is imposed upon him to keep a vigilant outlook for an animate creature. Here the object, being inanimate, would necessarily remain where it was located until removed.

In the exercise of reasonable care should the engineer sooner have discovered the presence of this car on the track and, having sooner discovered it, should he then have appreciated danger of collision and proceeded to stop his train? No issue of contributory negligence is present and, accordingly, the doctrine of " last clear chance " is not applicable. The only question relates to negligence by defendant and the case is narrowed to an inquiry whether, as matter of law, defendant was free from it or whether plaintiff has produced such evidence as might warrant a jury in inferring negligence. The case is a close one but we have reached the conclusion that here is a question for the jury. We cannot hold as matter of law that, on the testimony of plaintiff's witnesses if true, the conduct of the engineer in discovering the obstruction was so alert as completely to absolve himself from all failure to use

such care as the ordinarily prudent man would consider reasonable.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.   (See 269 N. Y. 674.)

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed.