ANNA RUTKOWSKI, Individually and as Administratrix, etc., of JOHN RUTKOWSKI, Deceased, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Fourth Department, May 6, 1936.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* and *Harold V. Potter* of counsel], for the appellant.

*Lee & Otis* [*Francis T. Findlay* of counsel; *Bernard Sax* with him on the brief], for the respondent.

LEWIS, J. The defendant appeals from a judgment entered upon the verdict of a jury awarding to the plaintiff damages for the death of her husband which occurred on the night of November 26, 1933, at a point in the city of Niagara Falls where the tracks of the defendant railroad cross Hyde Park boulevard at grade.

Immediately prior to the accident the plaintiff and decedent were passengers in an automobile owned and driven by Joseph Zaczek. The decedent was seated at the right of the driver; the plaintiff and Mrs. Zaczek, with the latter's three children, were in the tonneau. As the car proceeded northerly along Hyde Park boulevard and was passing over defendant's tracks, it stalled at a point where the rear portion of the car overhung the westbound track. For a period variously estimated at from one to five minutes, Zaczek endeavored to start his car. Suddenly one

of his daughters shouted a warning that a train was approaching from the east and promptly all of the occupants started to leave the automobile. The record is not clear as to what the decedent did in the confusion of the moment. No one appears to have seen him except the plaintiff who testified that he stood on the platform near the rear end of the automobile shouting and making an effort to aid her. Then followed the impact which occurred when defendant's train reached the crossing and struck the rear portion of the Zaczek car. When the train had stopped, with its last car just beyond the west side of the boulevard, and the automobile had come to rest in an upright position slightly north of the rails, the body of the decedent was found on the pavement near the car. He was mortally injured but the record fails to disclose exactly how his injuries were incurred.

At the close of plaintiff's evidence the trial court denied defendant's motion for a nonsuit. The defendant then rested its case without further proof, renewed its motion for a nonsuit and moved for the direction of a verdict in its favor. By this appeal the defendant challenges the denial of those motions and certain other rulings by the trial court.

If the defendant is to be held liable for failure of its engineer to see the Zaczek car on the crossing in time to avoid the accident, it was incumbent upon plaintiff to give evidence from which the jury could determine not only the distance from the crossing at which defendant's engineer, by the exercise of reasonable vigilance, should have seen the imperiled car, but also that the train could have been stopped within the distance thus determined. (*Albrecht* v. *Rochester, S. & E. R. R. Co.*, 205 N. Y. 230, 234.)

There is evidence that after the Zaczek car had been stalled for a period of time — the length of which is left in doubt — the headlight of the approaching train was seen at a distance variously estimated at from 300 feet to half a mile east of the crossing. It was storming at the time, with rain just turning to snow — conditions which concededly did not favor the visibility of the Zaczek car. It also appears that the automobile was standing at the crossing in line with north-bound traffic, with its lights directed northward at right angles to the course of the oncoming train.

Although the engineer was required to be reasonably alert and watchful as the train approached the crossing, it was not his duty to stop the train the instant he became aware that an automobile was partially across its track in the position indicated. He was not required to act until the peril first became apparent. (*Kawacz* v. *Delaware, L. & W. R. R. Co.*, 259 N. Y. 166, 169; *Chrystal* v. *Troy & Boston R. R. Co.*, 105 id. 164, 170.)

The plaintiff apparently recognizes this rule but contends that the evidence given of the distance within which the oncoming train was seen from the crossing was sufficient to present a question for the jury whether within that distance a vigilant engineer should have seen the car and sensed its danger. That argument loses force by reason of the fact that it rests upon meager and uncertain evidence which left the jury in the realm of speculation and conjecture to determine at what distance from the crossing the engineer, in the exercise of reasonable care, should have seen the imperiled Zaczek car.

There is also a total absence of proof of the weight of defendant's train, the grade of the west-bound track along which it was moving, the speed at which the train was traveling as it approached the crossing, or proof by experts or otherwise to establish the distance within which the train could have been stopped by defendant's engineer under existing physical conditions. These are common and essential forms of proof to be found in cases of this type, the absence of which, in this instance, calls for a reversal of the judgment. (*Albrecht* v. *Rochester, S. & E. R. R. Co.*, supra; *Caledonian Ins. Co.* v. *Erie R. R. Co.*, 219 App. Div. 685; *Wendling* v. *International R. Co.*, 139 id. 868.)

As a new trial is to be ordered, we call attention to two rulings by the trial justice which we believe were erroneous. The plaintiff introduced no evidence from which could be determined the speed of the defendant's train as it approached and passed over the crossing. In fact the only proof in that regard was from plaintiff's witness Zaczek: " Q. You didn't have time to think whether the train was coming fast or slow, or how, did you? A. It was fast all right. Q. You think it was going fast? A. Yes."

Despite the lack of further proof upon this branch of the case, there was received in evidence — over defendant's objection and exception — an ordinance of the city of Niagara Falls which prohibits a steam railroad company from operating its train over a grade crossing at a speed in excess of twenty miles an hour. In connection with that ordinance the trial justice charged the jury as follows: " With regard to the question of the negligence of the railroad company. Of course the railroad company, through its operators, is bound to exercise reasonable care in the operation of its train. There has been an ordinance received in evidence here, which provides that trains shall not cross over this particular crossing where this accident happened — and that is all we are concerned with here — at a rate of speed in excess of 20 miles an hour. To operate a train at such a crossing at a rate in excess of 20 miles an hour would be a violation of this ordinance. The law says that the violation of an ordinance, if an ordinance was violated, would be

some evidence of negligence on the part of the railroad company, which you would have the right to take into consideration, with all the other surrounding circumstances of the case."

At the conclusion of the charge the following colloquy occurred between the court and defendant's counsel: " I wish to ask your Honor to charge, in connection with the city ordinance of the city of Niagara Falls, first that there is no evidence in this case of the speed at which the train was running. The Court: I will decline that, and you have an exception. Mr. Wheeler: I ask your Honor to charge the jury that there is no evidence that the city ordinance of the city of Niagara Falls was violated. The Court: I will decline to charge that. Mr. Wheeler: An exception. I ask your Honor to charge that even if the jury finds that the city ordinance of the city of Niagara Falls was violated, there is no evidence that such violation was the proximate cause of the accident. The Court: That is denied. Defendant excepts. Mr. Wheeler: I ask your Honor to charge that the jury may not find negligence on the part of the defendant upon the ground of the speed of the train. The Court: Not that alone, only such evidence of negligence that they find that caused or helped to cause the accident. A violation of the ordinance is some evidence of negligence which they may consider."

In view of the total absence of proof that the speed of defendant's train at any time exceeded twenty miles per hour, we believe the rulings quoted above were erroneous and prejudicial to defendant's rights.

The trial court also refused to grant defendant's requests to charge that " there is no evidence in the case that the crossing signals were not working," and that " the defendant may not be held to have been guilty of negligence because of the condition of the flashing signals." We find that the record clearly supports these requests. Concededly the signals were not flashing when Zaczek drove onto the crossing. That fact, however, is without significance upon the question of defendant's alleged negligence, as is clearly indicated by the statement which appears in respondent's brief now before us: " No negligence is claimed in respect to this, because it is conceded that the train did not come within the ' block ' until some time later."

The judgment and order from which appeal is taken should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.