ANNA GAREMCHUK, as Administratrix, etc., of GAVRIL GAREMCHUK, Deceased, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

Second Department, July 7, 1939.

*Ralph E. Hemstreet,* for the appellant.

*Joseph H. Wackerman,* for the respondent.

HAGARTY, J. The plaintiff, as administratrix, brings this action to recover damages for injuries sustained by her intestate, resulting in death, due to the alleged negligence of the defendant in the operation of one of its trains. From the judgment entered in her favor the defendant appeals.

The undisputed facts are that on the evening of the 14th day of January, 1938, at about dusk, the decedent was driving his automobile in a westerly direction between Bay Shore and Babylon, Long Island, along a public highway which parallels the defendant's right of way. A light snow had fallen and the pavement was icy. The automobile skidded from the pavement onto the right of way at a point not a crossing, turned over and was struck by an eastbound train, causing the death of plaintiff's intestate. From a bend in the roadbed approximately one and a half miles to the west of the scene of the accident, the tracks are straightaway to the point where the train struck the overturned automobile. About half way between these points, that is, the overturned automobile and the bend in the road, there is a signal protecting the railroad yards at Bay Shore. The assigned negligence is that the engineer should have appreciated the danger and averted the collision by stopping the train before it reached the overturned automobile.

The engineer testified, without contradiction, that after he had passed the signal, upon which he was required to concentrate his attention because of a freight train switching in the Bay Shore yards, and while the train was proceeding at the rate of sixty miles an hour, he saw a group of people and an object which appeared to him to be on the other track. He then blew the whistle and applied the brakes in service position. It was not until he was within 800 or 1,000 feet of the overturned car that he was able to perceive that the object was inanimate and upon his own track. At that time he applied the brakes in emergency position, but it was too late to avert the collision, for the reason that, under the existing conditions, including the icy rails, it would require 2,000 feet or more within which to stop the train.

Since the train was not approaching a crossing, negligence cannot be predicated upon the fact that the attention of the engineer was solely directed to the signal, and respondent does not claim to the contrary. It was incumbent upon plaintiff to show that the train could have been stopped in time after the engineer knew, or in the exercise of reasonable care had cause to believe, that the object on the track was inanimate (*Albrecht* v. *Rochester S. & E.*

*R. R. Co.*, 205 N. Y. 230, 235), rather than a living person. (*O'Brien* v. *Erie R. R. Co.*, 210 N. Y. 96, 100.) No such proof was offered and, in the absence of contradictory proof, the engineer's testimony must be accepted to the effect that, under the existing conditions, it would require 2,000 feet, or more, within which to stop the train after discovering the danger. Negligence cannot be predicated on the speed at which the train was travelling, in view of the fact that it was proceeding on its private right of way. (*Warner* v. *New York Central R. R. Co.*, 44 N. Y. 465, 469.) The engineer's testimony, in so far as it relates to the distance within which it was possible to discern the nature of the object, *i. e.*, visibility, is in accord with the proof adduced on behalf of plaintiff. Under the circumstances, we are of opinion that no negligence can be attributed to the defendant (*Caledonian Insurance Co.* v. *Erie Railroad Co.*, 219 App. Div. 685), and that the authority of *Lee* v. *Pennsylvania R. R. Co.* (269 N. Y. 53), is not controlling, in view of the substantially different factors presented in that case.

The judgment for plaintiff should be reversed on the law, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., and TAYLOR, J., concur; CARSWELL and CLOSE, JJ., dissent and vote to affirm on the ground that the record presented a question of fact for determination by the jury. (*Lee* v. *Pennsylvania R. R. Co.*, 269 N. Y. 53.)

Judgment for plaintiff reversed on the law, with costs, and complaint dismissed, with costs.