JOHN TULLISH, Respondent, v. CITY OF CORNING, Defendant, and ERIE RAILROAD COMPANY, Appellant.— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: This case was submitted to the jury upon two theories of negligence: (1) as to the operation of the train — that the railroad employees negligently failed to warn the engineer of the freight train of the presence of plaintiff's automobile upon the railroad tracks; that the engineer negligently failed to stop the train after he knew or in the exercise of reasonable care should have known of the presence of plaintiff's automobile upon the railroad tracks; that the train was being operated at a speed in excess of twenty miles per hour as limited by the ordinance of the City of Corning; (2) that the defendant maintained its crossing in a condition which was dangerous; that the accident was reasonably foreseeable and that the defendant failed to exercise reasonable care to warn or guide travelers from such danger. The record discloses no neglect on the part of the railroad employees in their endeavor to warn the engineer of the freight train of the presence of plaintiff's automobile on the tracks. While the evidence is conflicting as to the speed of the train, there is no evidence from which it might be found that the speed of the train was the proximate cause of the damage. The engineer testified that he saw the flagmen's warning signals at about the time the engine reached the end of the curve where a view was first obtainable; that he immediately applied the brakes and brought the train to a stop within the shortest possible distance. He testified that he was going between nineteen and twenty-one miles an hour; the city ordinance limits the speed to twenty miles an hour. There is no other evidence as to the point from which the engineer, in the exercise of reasonable care, could or should have seen plaintiff's car or the warning signals of the flagmen, nor is there any other evidence as to the distance within which the train might have been stopped if traveling at a rate of speed permitted by the ordinance. Accordingly there was no basis for submitting to the jury the question of negligence in the operation of the train (see *Albrecht* v. *Rochester S. & E. R. R. Co.*, 205 N. Y. 230; *Garemchuk* v. *Long Is. R. R. Co.*, 257 App. Div. 463, affd. 282 N. Y. 752, and *Rutkowski* v. *Lehigh Valley R. R. Co.*, 247 App. Div. 575). As to the theory of defendant's negligence in maintaining the crossing, we think that the evidence presented a question of fact. The verdict being a general verdict, it is impossible to know whether it was based upon the theory of negligence in maintaining the crossing or whether it was based upon the charge of negligence improperly submitted to the jury. In such a situation, the judgment should be reversed and a new trial granted. (*Hawn* v. *Malcolm*, 171 App. Div. 120; *Irwin* v. *Simon*, 181 App. Div. 93; *Greenberg* v. *Schlanger*, 229 N. Y. 120, 123; *Phillipson* v. *Ninno*, 233 N. Y. 223.) All concur, Taylor, P. J., not voting. (Appeal from a judgment for plaintiff in a railroad negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.