Douglas SMITH, Plaintiff-Appellee,

v.

LEHIGH VALLEY RAILROAD COMPANY, Defendant-Appellant.

No. 318, Docket 26736.

United States Court of Appeals Second Circuit.

Argued May 11, 1961.

Decided June 1, 1961.

1. 28 U.S.C.A. § 2255.

Paul J. Yesawich, Jr., Cortland, N. Y. (Lusk, Folmer, Ryan & Fenstermacher, Cortland, N. Y., on the brief), for plaintiff-appellee.

Gordon H. Mahley, Syracuse, N. Y., for defendant-appellant.

Before FRIENDLY and SMITH, Circuit Judges, and WATKINS, District Judge.*

PER CURIAM.

Appellant's work train, pushing a snow plow, collided at a grade crossing with a roadscraper operated by plain-tiff appellee, causing personal injuries for which he had a verdict and judgment of $5000, which Judge Brennan refused to set aside.

Appellant has abandoned the claim that the verdict was excessive, and seems not too vigorously to contest the finding of negligence on its part, which in any case must be upheld in view of the conflicting testimony as to the point where the whistle was first blown. It presses its attack on the court's refusal to charge as requested that a train had no duty to stop at a crossing. This objection is not well taken. The instruction which was given was as follows:

"Generally, that is true. The danger in the charge as outlined by counsel there might be circumstances where they might be required to stop. I can't say that that is infallible, but of course, we all know from our common observations that a train cannot stop at every crossing. They have the right of way, paramount right of way over vehicles or pedestrians on the highway. Their obligation is to give timely warning."

This is a correct statement of the rule applicable. McKelvey v. Delaware, L. & W. R. Co., 1937, 253 App.Div. 109, 300 N.Y.S. 1263, 1265; Barnett v. New York Central R. Co., 1929, 227 App.Div. 636, 235 N.Y.S. 734; Lee v. Pennsylvania R. R. Co., 1935, 269 N.Y. 53, 198 N.E. 629.

The remaining question raised is whether the plaintiff was guilty of contributory negligence as a matter of law. What lookout Smith kept and why he did not detect the approaching train were questions correctly submitted to the jury under proper instructions. The jury may have determined that the front of the train was so obscured by the curve and the snow thrown up by the plow that it was not readily observable.

The judgment is affirmed.

* U. S. District Judge for the Northern and Southern Districts of West Virginia, sitting by designation.