ELIZABETH CHATTERTON YOUNG, Respondent, v. JOHN H. YOUNG, Appellant.— Order granting plaintiff's motion for counsel fee and alimony *pendente lite* modified by reducing the alimony to $100 a week for the support of the plaintiff, and by reducing the counsel fee to $2,000. As thus modified the order is affirmed, without costs; the $500 expense allowance to stand. Such modifications are made without intent to indicate what amount should properly be allowed as permanent alimony upon the trial. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

TOWN OF NORTH HEMPSTEAD, Appellant, v. WESLEY HARPER and MABEL A. H. Gow, Respondents.*— Order granting motion to dismiss the complaint on the merits reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to serve an answer within ten days after entry and service upon them of a copy of the order herein. In a prior action there was a settlement eventually reached which purported to determine the title of the defendants to certain lands; and defendants conveyed to plaintiff valuable lands in consideration for having their title settled. No doubt they believed, and for some time the attorneys and officers of the plaintiff believed, that the lands in question were included in the settlement. This action is for ejectment of the defendants from a portion of the lands said not to be within the description in the settlement agreement. The defendants claim the lands involved here are those included in the former action. The plaintiff denies that defendants ever had any title to these lands. The descriptions and the terms of settlement contain obscurities making it difficult, if not impossible, to determine the merits of the controversy on a motion. Whether the defendants went into possession of the disputed lands, claiming them under the terms of the settlement, does not clearly appear; but the description does not seem to make them fit into that of the proposed settlement agreement as modified. The question as to whether the bargain has been kept, or whether the plaintiff should be held to abide by it even with a variance on principles of estoppel, and the general existing equities, — are matters to be determined on a trial. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Carswell, J., dissents.