In the Matter of ARTHUR SIEGMAN, Judgment Creditor, Appellant, against BOND STREET KNITTERS, INC., Judgment Debtor, Respondent.— Order declaring the effect of subpoenas in a supplementary proceeding, and authorizing the payment of the amount of the attorneys' lien insofar as appealed from, affirmed, without costs. The referee's report and other submissions which were not part of the papers considered by the Special Term in making the order from which appeal is taken are not properly before this court, and have not been considered in reaching this determination. Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

In the Matter of the Estate of WILLIAM J. STEELE, Deceased. GLOBE INDEMNITY COMPANY, Respondent; EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant. — Appeal from an order of the Surrogate's Court of Queens County granting the application of a surety to direct appellant bank to pay over a sum from funds on deposit to the credit of an estate, in payment of a debt owing to the surety. Order reversed on the law and the facts, with ten dollars costs and disbursements, and the petition denied, with ten dollars costs. There is no provision in the Surrogate's Court Act for the making of such an order. There are precise and efficacious provisions in the Act, however, for the enforcement of the payment of moneys owing by the estate to the surety (Surrogate's Ct. Act, §§ 83, 84) by execution or supplementary proceedings. Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur. [See *post,* p. 992.]

MARGARET LESLIE, as Administratrix of the Estate of EDWARD P. BRADY, Deceased, Respondent, v. CARRIE ROBINSON et al., Doing Business as ROBINSON & PLANT, et al., Appellants.— On the court's own motion the decision of this court handed down April 17, 1944 [*ante,* p. 965], is amended to read as follows: Action to recover damages for the death of plaintiff's intestate by drowning. The deceased was a passenger in a launch in the lake in Prospect Park, Brooklyn. The launch had nearly completed a trip around the lake and was floating to its dock when, by some unexplained cause, the deceased entered the water at a point where it was six feet deep, and about fifteen feet from the shore. The defendants are charged with omission to save life with means adequate to that end. Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. While it appears that there is no legal duty to attempt a rescue, it may be accepted, for the purposes of this decision, that such a duty is owed to an invitee who is in peril. The undisputed material facts in this case at most establish that a mere error of judgment in an emergency was committed rather than a negligent fault. In such a situation the defendants are not required to exercise the best choice of judgment that later considerations might indicate and failure to do so may not be made the basis of liability for the result. The finding of fact, implicit in the jury's verdict, that the defendants were negligent, is reversed. Hagarty, Acting P. J., Adel, Lewis and Aldrich, JJ., concur; Carswell, J., concurs in result.