JOHN H. ZIMMER, Respondent, v. WHITING-BUICK, INC., Appellant.— Order affirmed, with $10 costs and disbursements. Memorandum: The motion to dismiss plaintiff's complaint appears to have been made under subdivision 7 of rule 107 of the Rules of Civil Practice, on the ground that the claim or demand set forth in the complaint has been released. The motion papers show, at most, that only part of the claim has been released. Upon the argument of this appeal copies of a standard automobile fire and collision insurance policy similar in all terms to the policy issued to the plaintiff by the Hanover Fire Insurance Company were by stipulation handed to the court for the court's inspection. There was also handed up for inspection a printed form of a "loan receipt". Neither of these papers appears to have been before the County Court at the time the motion was made and are not made a part of the record on this appeal. The question as to the construction and effect of the so-called loan receipt is not presented by this record. The order denying the motion is affirmed upon the ground that it does not conclusively appear from the motion papers that the claims against the defendant set forth in the complaint have been released (see *Terf Constr. Corp.* v. *Gallagher,* 256 App. Div. 900). All concur. (The order denies defendant's motion to dismiss plaintiff's complaint, in an automobile negligence action.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.