GUSTAV ERBE, JR., et al., Individually and as Administrators C. T. A. of FREDERICK G. ERBE, Deceased, et al., Appellants-Respondents, *v.* LINCOLN ROCHESTER TRUST COMPANY et al., Respondents-Appellants.

Fourth Department, July 13, 1956.

*Harold G. Hutchens* and *Matthew J. Shevlin* for plaintiffs.

*William H. Morris* and *Leonard S. Zartman* for Lincoln Rochester Trust Company and another, respondents.

*Wallace J. Wolf, Jr.,* for Wallace J. Wolf and another, respondents.

*Per Curiam.* The complaint has been dismissed as to the plaintiffs Erbe upon motion under rule 107 of the Rules of Civil Practice upon the ground that the action was not commenced within the time limited by the Statute of Limitations. It was dismissed as to the plaintiff Yawman as executrix upon the ground that the cause or causes of action contained therein are barred by a release. The individual cause of action of the plaintiff Yawman was severed and dismissed with leave to serve an amended complaint. The plaintiffs appeal from the order dismissing the complaint and from the judgment entered thereon and the defendants cross-appeal from that portion of the order and judgment whereby plaintiff Yawman individually was granted leave to serve an amended complaint.

In the companion action decided herewith (*Erbe* v. *Lincoln Rochester Trust Co.,* 2 A D 2d 242) the majority of the court have held that the complaint is based upon a breach of a fiduciary duty and that notwithstanding allegations of actual fraud, the complaint in reality sets forth causes of action based upon constructive fraud and is governed by the ten-year Statute of Limitations (Civ. Prac. Act, § 53). Both complaints allege fraudulent acts upon the part of the defendants in relation to the Yawman and Erbe stock. In the companion action the stock was held by the defendant bank as trustee and the central wrong alleged in that complaint is that the bank purchased for itself property held by it in trust in violation of its duty as trustee. All of the shares of Yawman and Erbe stock involved in this action were, with minor exception, held by the defendant bank as pledgee, none being held as executor or trustee as in the companion action. Unlike the companion action the defendant bank in this action was authorized to purchase the pledged collateral at a properly conducted sale. There is no inherent wrong in that act alone. However, when fraudulent means or purposes are employed it gives rise to a cause of action. A cause of action arises where it is shown that the pledgee " acted in bad faith or with that lack of good faith sufficient to nullify the sale ". (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87, 95.) Plaintiffs bring this action in equity and demand an accounting, the imposition of a constructive trust, and a tracing of profits and proceeds. Read as a whole

the complaint charges that by various fraudulent representations and other devices, which at the time appeared innocent and isolated transactions but which were actually parts of a common scheme, the defendant bank was enabled to acquire plaintiffs' shares in small blocks and thus assembled a controlling interest in Yawman and Erbe which it resold in 1950 for a large profit.

We are satisfied that the complaint states a cause of action to procure a judgment on the ground of fraud and that the six-year Statute of Limitations applies (Civ. Prac. Act, § 48, subd. 5). It is clear from the statutory history of subdivision 5 of section 48 of the Civil Practice Act that it applies to an action in equity where proof of actual fraud is indispensable to equitable relief. The same rule of limitation applies in any case of fraud, whether the remedy is equitable or legal. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213, 215.)

The Special Term has, however, concluded that the plaintiffs had knowledge of the facts constituting the fraud more than six years before the commencement of the action. On a motion under rule 107 defendant must establish "conclusively" that plaintiffs knew or should have known of the facts constituting the fraud more than six years before the commencement of the action (*Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 N. Y. 239, 245). We think, however, that the affidavits and other papers upon which the motion was made do not conclusively establish the time of the discovery of the facts constituting the alleged fraud and that a question of fact remains which should be resolved upon a trial.

Neither has the defense of release, interposed against the plaintiff May Yawman, been "conclusively" established (*Zimmer* v. *Whiting-Buick*, 274 App. Div. 967). Upon a trial it may be shown whether the release embraces the cause of action pleaded and whether it is valid.

The judgment and order should be reversed and the motion denied. Plaintiffs' appeal from the denial of their cross-motion to strike out certain exhibits should be dismissed as academic.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Judgment and order reversed on the law and facts, with costs to the plaintiffs-appellants, and defendants' motion denied, with $10 costs. Appeal from that part of order which denied plaintiffs' cross motion dismissed as academic. [See *post*, p. 829.]