■ HENRY C. POLK, as Administrator of the Estate of HENRY C. POLK, JR., Deceased, et al., Respondents, v. NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants.— Judgment unanimously reversed, on the law and on the facts, and the complaints dismissed, with costs to defendants. In this consolidated action a jury has rendered a verdict in favor of the plaintiffs for the wrongful death of an infant, Henry C. Polk, Jr., and for personal injuries sustained by, and for the loss of services of, the infant William Taylor. The accident occurred on May 25, 1954 at about 5:00 P.M., on the tracks of the New York Central Railroad Company about 350 feet south of the Morrisania Station located at Park Avenue and East 168th Street, Bronx County. Just prior to the accident, Central's train was proceeding north and a New Haven train was proceeding south on an adjacent track. The distance between the two tracks is about six feet and, in that space, there is a third rail for power purposes. In all there are four tracks in the area, one on each side of the two tracks on which the trains were operating at the time of the occurrence. All of the tracks are in a cut with an 18-foot retaining wall on each side. It appears also that a number of boys were on the tracks before the accident happened. The Central engineer placed the number at three, four or more boys while the New Haven engineer estimated the number at six or seven. The other boys, apart from Polk and Taylor, evidently moved out of the area of danger as the trains approached. The case was submitted to the jury under the doctrine of last clear chance. The Trial Judge correctly charged the jury that the boys were trespassers and were guilty of contributory negligence. Of course, the doctrine

of last clear chance does not come into operation unless there is contributory negligence (*Lee* v. *Pennsylvania R. R. Co.*, 269 N. Y. 53, 55). But as pointed out in *Kumkumian* v. *City of New York* (305 N. Y. 167, 176) if there is an interval of time between the completion of an act of contributory negligence in which the defendant had an opportunity to avert disaster, then it may be said that the defendant had the last clear chance to avoid the accident, and the plaintiff's negligence is not the proximate cause of the injury. The doctrine of last clear chance may not be invoked, however, unless there is evidence that a defendant has acquired knowledge that someone is in a state of present peril "in which event there must be reasonable effort to counteract the peril and avert its consequences" (*Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206, 208). In the instant case, the danger in which they had placed themselves was apparent to the boys, and the engineers operating the trains had every right to assume that the infants would remove themselves from the tracks. Giving plaintiffs the benefit of every intendment, the evidence failed to demonstrate that there was a sufficient interval of time, after the engineers realized the infants were in a perilous predicament within which the defendants had an opportunity to avert the disaster. Under such circumstances the doctrine of last clear chance is inapplicable. Defendants may not be cast in judgment merely because of an error in judgment in an emergency (*Kawacz* v. *Delaware, L. & W. R. R. Co.*, 259 N. Y. 166, 169; *Leslie* v. *Robinson*, 267 App. Div. 967, affd. 293 N. Y. 911). Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.