Froessel, J.
In this action by plaintiff for breaches of warranty and of a subcontract, defendant contractor moved to dismiss plaintiff’s amended complaint on the ground of release (Rules Civ. Prac., rule 107). The Appellate Division reversed Special Term’s denial of the motion. The question presented on this appeal is whether on the record before us 11 facts tending to obviate ” the “ objection ” have been shown (id., rule 108) (Town of North Hempstead v. Harper, 235 App. Div. 708, affd. *598 259 N. Y. 633; Erbe v. Lincoln Rochester Trust Co., 2 A D 2d 247, 249, affd. 3 N Y 2d 842; Zimmer v. Whiting-Buick, 274 App. Div. 967).
Defendant’s claim of release is predicated in part upon a document captioned “ Release of Liens ”[1] executed by plaintiff, but more particularly upon general condition No. 25 of the subcontract providing in relevant part that the ‘ ‘ making and acceptance of the final payment shall constitute a waiver * * * of all claims by the Subcontractor, except those previously made and still unsettled ’ ’.
In our opinion, the “ Release of Liens ” document served to release liens and claims of liens of plaintiff subcontractor and nothing more. The reference elsewhere in the document to “ claims ”, upon which defendant relies, means claims by laborers, contractors and materialmen of plaintiff subcontractor with which it is chargeable, and not the claims of plaintiff subcontractor itself against defendant contractor. The document read as a whole and construed in the light of general condition No. 30[2] of the subcontract, pursuant to which it was drawn, tendered and executed, clearly compels this conclusion (see Rentways, Inc., v. O’Neill Milk & Cream Co., 308 N. Y. 342, 347; Empire Props. Corp. v. Manufacturers Trust Co., 288 N. Y. 242, 248; Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 299; Matter of Delaware County Elec. Co-op. v. City of New Fork, 304 N. Y. 196, 201).
*599 We note, moreover, that were we to sustain defendant’s interpretation of this document the express provision in condition No. 25 preserving “ previously made ” and “ unsettled ” claims would be rendered entirely meaningless, and this we may not do. It is a cardinal rule of construction that a court should not “adopt an interpretation” which will operate to leave a “ provision of a contract * * * without force and effect ” (Muzak Corp. v. Hotel Taft Corp., 1 N Y 2d 42, 46; Fleischman v. Furgueson, 223 N. Y. 235, 239).
Turning then to condition No. 25, we think a question of fact is presented as to whether the claims at bar were “ previously made” and “unsettled” at the time of final payment. The relevant portion of plaintiff’s affidavit (by its president, Powers) in opposition to the motion avers in substance that, while the work under the subcontract was being performed—prior, of course, to final payment—and the claims which are the subject of this action arose, such as delay by defendant, for example, “ conferences were immediately had with the defendant’s officers ” and plaintiff’s “ claims ” were made known (emphasis supplied). Specific reference to conferences in September and October of 1957 and the specific complaints respecting said claims made on those occasions are given in the affidavit as examples. Plaintiff maintained in the affidavit that it was advised at those times by defendant to continue with the work and that adjustments would be made upon completion of the contract, but they never were. Final payment was made on January 28, 1958.
Defendant’s vice-president, in his reply affidavit below, after noting plaintiff’s claims as just outlined, averred: “ There were no unsettled contractual claims made by plaintiff at the time of final payment under said subcontract” (emphasis supplied); he had previously made the same assertion in his moving affidavit. Notwithstanding the foregoing, defendant now urges the absence of a factual dispute.
In this connection great stress is placed upon a letter written by plaintiff’s then vice-president, one Stille (now deceased), to defendant, dated December 13,1957. It marked the initiation of a series of correspondence culminating in a letter by defendant dated November 3, 1958 to the owner, General Aniline and Film Corp., asking it to make good plaintiff’s loss for reasons *600 of equity and fairness, which the owner eventually refused to do. Admittedly, the 1957 letter on its face is solicitous and more indicative of “ a plea for relief from the contract ” than “ an assertion of claims under the contract ’ ’, as the Appellate Division put it. However, plaintiff maintained in its affidavit below that the tone and contents of the letter were suggested by defendant, and that plaintiff complied with defendant’s request in that regard in order to help it in its efforts to have plaintiff’s claims against it paid by the owner. A separate factual dispute is thus presented, in our opinion, as to the import of the letter itself as well as the subsequent correspondence. It is not resolved by the affidavits so as to justify summary relief.
Accordingly, the judgment appealed from should be reversed; the motion under subdivision 6 of rule 107 denied, and defendant permitted to plead its defense in its answer; said answer to be served within 10 days after service of a copy of the order to be entered hereon, with costs.
Chief Judge Desmond and Judges Van Vooehis, Btjbice and Fosteb concur with Judge Fboessel ; Judges Dye and Fuld dissent and vote to affirm.
Judgment reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. It provides, insofar as pertinent: “ That the [plaintiff] * * *, having discharged its obligations under Subcontract * * * states that all claims of labor, contractors, materials, construction tools and equipment furnished directly or indirectly in the connection with the performance of said subcontract have been fully paid and discharged, and there are no claims, liens, privileges or encumbrances in connection with said contract, and that subcontractor does hereby waive, release, relinquish and discharge any and all liens and claims of liens which subcontractor might or could have * * * in connection with said subcontract. This release of liens covers all extra work orders issued in relation to this Contract.” (Emphasis supplied.)

. It provides: “Liens: Neither the final payment nor any part of the retained percentage shall become due until the Subcontractor, if required, shall deliver to the Contractor a complete release of all liens arising out of this Subcontract, or written receipts in full in lieu thereof and, if required in either case, an affidavit that so far as he has knowledge or information the releases and receipts include all the labor and material for which a lien could be filed.” (Emphasis supplied.)