■ THOMASON & PERRY, INC., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 48305.) — Appeal and cross appeal from a judgment in favor of claimant, entered September 8, 1970 upon a decision of the Court of Claims. On November 5, 1964, claimant entered into a contract with the State of New York for construction in the City of Troy of the Hoosick Street Arterial Highway. The work under the contract was completed and accepted on October 31, 1966, although the contract originally provided for completion on December 1, 1965. Claimant seeks damages in the

amount of $33,383.49, allegedly for delays caused by the State; $2,795.44 allegedly caused by the failure of the City of Troy to carry out the work required by it under the contract; and $7,900.22 by reason of the redesign of certain stairways after commencement of the work. The Court of Claims awarded $15,933.03 on the claim for alleged delay by the State; dismissed the claim for damages allegedly caused by the City of Troy; and awarded $7,305.80 on the claim for redesign of stairways. There is no substantial dispute as to the facts. Under the contract claimant was required to widen the highway and construct a four-lane road with sidewalks, curbs, and certain retaining walls and curbs. The City of Troy, during the progress of the work, was to perform the work of extending the water laterals and curb cocks beyond the area to be paved, and it was necessary for Niagara Mohawk Power Corporation to remove 60 power poles and the power lines thereon, which were located where the southerly lane of the highway was to be constructed. Claimant was also required to maintain two-way traffic at all times. The contract provided that it was the contractor's responsibility to accurately locate all existing utilities and to notify the utility of conflicts between the proposed construction work and the existing facility in ample time to permit all necessary alterations prior to the start of work in such areas. The Public Works Specifications forming part of the contract also provided: "The Contractor will be required to cooperate with other Contractors and the owners of the various utilities and to coordinate and arrange the sequence of his work to conform with the progressive operations of the work already under Contract and to be put under Contract. * * * Delays in availability of any part of the site or any delays due to interference between the several contractors and the utility owners shall be compensated for by the Superintendent of Public Works solely through granting an extension of time in which to complete the work of the Contract without Engineering charges. The Contractor in submitting his bid hereby agrees that he shall have no claim against the State of New York for any damages due to such delays or interference other than extended time in which to complete the work." The claim alleges that the power company failed and refused to reasonably coordinate the removal and relocation of the poles which required it to perform its work in a piecemeal and more costly manner, and delayed the completion of the work until about October, 1966, and that, in spite of its protests to the State, the State neglected to take reasonable and proper steps to require the power company to relocate the poles. Claimant was fully aware of the obstructions to the performance of the work, yet it failed to confer with the power company prior to entering its bid, and there is no evidence in the record that claimant sought to directly co-ordinate its work with that of the power company as provided in the Public Works Specifications. It is also clear that the alleged delay of which claimant complains is the precise delay provided for in the Public Works Specifications. The delays complained of were within the contemplation of the parties at the time when the contract was entered into, and since the delays were not brought about by the active interference by the State, the claimant's claim for damages is barred. (*Peckham Road Co.* v. *State of New York*, 32 A D 2d 139, affd. 28 N Y 2d 734.) The claim for damages allegedly caused by the City of Troy was also properly dismissed. This claim was based upon the failure of the City of Troy to properly backfill trenches, necessitating grading for maintenance of traffic. Claimant was required under its contract to maintain traffic under all circumstances, and it was within reasonable contemplation that depressions might occur upon traffic passing over the backfilled trenches necessitated by the

city's work. The final claim asserted by claimant is that it was entitled to be paid other than unit prices for the work performed in connection with the redesigning of the stairs in a retaining wall. The contract provided that field changes might become necessary, and additional work in connection with such a charge would be paid at unit prices. The redesign of the stairs was a field change, and did not consist of additional work outside the scope of the contract. Claimant was, therefore, entitled to payment pursuant to the terms of the contract. The State having paid claimant on the basis of the unit prices in the contract, this part of the claim should also have been dismissed. Judgment reversed, on the law and the facts, and claim dismissed, with costs to respondent-appellant. Reynolds, J. P., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.