■ In the Matter of the Arbitration between PRAETORIAN REALTY CORP., Respondent, and PRESIDENTIAL TOWERS RESIDENCE, INC., Appellant.—Judgment, Supreme Court, New York County, entered on April 8, 1975, granting a permanent stay of arbitration, unanimously reversed, on the law, and vacated, and the stay of arbitration denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Praetorian Realty Corp. conveyed real property to Presidential Towers Residence, Inc., pursu-

ant to a plan of co-operative ownership. The contract providing for such conveyance included, *inter alia,* a broad arbitration clause. The contract also contained a clause providing that certain contractual obligations between the parties contained in specifically enumerated clauses would survive the delivery of title. The arbitration clause was also designated as surviving the delivery of title. Presidential served a demand for arbitration claiming that the mortgage payments and the underlying mortgage indebtedness exceeded the amounts specified in the contract and, furthermore, that there were inherent and latent defects in the ceiling plaster of which Praetorian had knowledge but concealed from Presidential. Praetorian moved at Special Term to stay arbitration on the ground that there was no agreement to arbitrate extant which would apply to the claims in the notice. Furthermore, it was urged that upon delivery of title only the specified clauses, which concededly did not cover the claims asserted, would survive. Special Term found in favor of Praetorian and stayed arbitration. We disagree. The arbitration clause in question provided: "TWENTY SIXTH: Any and all disputes of whatsoever kind and nature arising out of or in any way with this agreement shall be resolved by arbitration and shall be submitted to arbitration in accordance with the provisions and rules then obtaining of the American Arbitration Association in the City of New York." The contract further provided: "THIRTY SECOND: The provisions of paragraphs * * * TWENTY SIXTH * * * shall survive delivery of title to the land and building and the Operative Date of the Plan of Cooperative Organization." Clause twenty sixth is very broad in scope and, standing alone, would require that the present dispute be submitted to the arbitrators for resolution. Reading clause thirty second together with clause twenty sixth, however, might result in a second interpretation; namely, that arbitration should be limited to the clauses which are specifically designated as surviving delivery of title. Special Term adopted this second interpretation. Our Court of Appeals has held that it is an announced policy of this State to encourage arbitration and to prevent the parties to an arbitration agreement from using the courts as a vehicle to protract litigation. Broad arbitration clauses should therefore be given the full effect of their wording *(Matter of Weinrott [Carp],* 32 NY2d 190, 199). Recently the Court of Appeals pinpointed the problem of judicial scrutiny of arbitration clauses. Judge Wachtler, speaking for the court, noted that: "More typically the parties adopt a 'broad' arbitration clause agreeing generally to submit to arbitration all disputes arising out of the contract, or any dispute relating to the meaning and interpretation of the underlying agreement. Then the scope of the arbitration clause and the scope of the underlying agreement are identical, and disputes over interpretation run the hazard of being refined into questions of arbitrability. For instance in this case, the petitioners argue that since the 'arbitration clause * * * has no greater scope than does the treaty to which it relates' the courts must first define the limits of the substantive agreement before they can determine whether the dispute is arbitrable. Thus in order to reach the threshold question, the petitioners would have the courts first resolve the merits of the dispute—the ultimate issue in this case. The way out of this apparent dilemma of course is to recognize that although the courts and the arbitrators in these cases cover the same field, they perform very different functions. Basically the courts perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration. Once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the

general subject matter of the underlying contract, the court's inquiry is ended. Penetrating definitive analysis of the scope of the agreement must be left to the arbitrators whenever the parties have broadly agreed that any dispute involving the interpretation and meaning of the agreement should be submitted to arbitration (see, e.g., *Matter of Exercycle Corp. [Maratta]*, 9 NY2d 329)." *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.*, 37 NY2d 91, 95–96.) The teaching of *Nationwide* therefore mandates reversal of the determination of Special Term. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lone, JJ.