■ INFORMATION SCIENCES, INC., Appellant, v MOHAWK DATA SCIENCE CORP., Respondent.—Order unanimously affirmed, without costs. Memorandum: Petitioner seeks a stay of arbitration on the ground that its contract with respondent excludes from arbitration those disputes arising out of the interpretation or application of the agreement. Special Term denied petitioner's application. The agreement contains the following provision: "ARBITRATION AND APPLICABLE LAW. The parties hereto agree that any controversy or claim arising out of this Agreement, other than default in the payment of any charges due hereunder, or any dispute arising out of the interpretation or application of this Agreement, which the parties hereto are unable to resolve, shall be settled by arbitration". We view this provision as excluding only matters concerning the nonpayment of charges due. Acceptance of petitioner's argument would render the arbitration clause meaningless, thereby contravening the expressed intent of the parties and violating the cardinal rule that a contract should not be interpreted so as to leave a provision without force or effect (Corhill Corp. v S. D. Plants, Inc., 9 NY2d 595, 599; Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46). The issue respondent seeks to submit to arbitration is whether petitioner justifiably rejected the equipment, and in that posture there is a "reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract" (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., 37 NY2d 91, 96). The arbitration clause is sufficiently broad to include that issue (cf. Matter of Macy & Co. [National Sleep Prods.], 39 NY2d 268). To the extent that petitioner asserts that the arbitration clause is narrow in scope because it eliminates from arbitration claims based upon "default in the payment of any charges due" it is without merit (cf. Matter of Riccardi [Modern Silver Linen Supply], 45 AD2d 191, affd 36 NY2d 945; Matter of Praetorian Realty Corp. [Presidential Towers Residence], 49 AD2d 816, affd 40 NY2d 897). While arbitration clauses included within form contracts are to be carefully scrutinized, particularly when challenged by a claim that the substantive provisions of the contract were fraudulently induced, a broad arbitration clause may nonetheless be valid and is separable from the balance of the contract (Matter of Weinrott [Carp], 32 NY2d 190). Petitioner seeks to avoid the application of this rule by asserting that the agreement is permeated by fraud. This claim, however, is unsupported by any showing either that the contract was less than the result of "arm's length negotiation" (compare Housekeeper v Lourie, 39 AD2d 280), or that the arbitration clause was inserted into the contract in order to effect the fraudulent scheme (compare Moseley v Electronic Facilities, 374 US 167). We note finally that the form agreement here includes an

addendum which adds to and partially modifies the form provisions. The first additional clause provides that "All of the terms and conditions contained in the agreement shall remain in full force and effect except as modified herein." Significantly, there is no modification of the arbitration clause. We conclude that the agreement to arbitrate is valid and that the dominant intent of the parties was to settle their disputes, other than the noted exception, by arbitration. (Appeal from order of Onondaga Supreme Court—arbitration.) Present—Moule, J. P., Simons, Dillon and Witmer, JJ.