■ WARREN BROS. CO. DIV., ASHLAND OIL & REFINING COMPANY, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53884.)—Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Claimant sued the State for damages arising in the performance of its contract to reconstruct and relocate the highway known as Route 14A between the villages of Dundee and Penn Yan. The parties have cross-appealed from a decision of the Court of Claims which awarded claimant $54,563.33 for the cost of correcting a section of broken pavement but denied its claim for an additional award to compensate it for the shutdown of work on the damaged portion of the road pending the State's investigation and study of the defects conducted from May to August, 1970 and for additional overhead. In the fall of 1969 claimant completed the first two layers or courses of pavement on two thirds of the highway. However, cold weather prevented it from installing the final one-inch layer of blacktop to

seal the work, and with the coming of winter the construction was halted before completion. In the spring the so-called southern section of the uncompleted pavement rutted and suffered breakage. After investigation and study, State officials decided in August that the existing work was to be removed and replaced with the installation of additional drainage. Claimant contended that the defect was the result of design failure by the State and the State's insistence that the uncompleted road be opened to traffic temporarily in January, 1970. The State contended that the damage was the result of the contractor's failure to apply the final course to the highway, thereby permitting water to penetrate the pavement and undermine the road. The court found no design failure on the part of the State. It determined that neither party was at fault and interpreted the contract to require the State to bear the loss. Although we agree with the court that there was no design defect in the State's plans, we disagree with the interpretation placed on the contract by the court. "When one of two innocent persons must sustain a loss, the law casts it on him who has agreed to sustain it" (*Tompkins v Dudley,* 25 NY 272, 278; *Garofano Constr. Co. v State of New York,* 206 Misc 760, affd 1 AD2d 306, affd 4 NY2d 748). The damage clause of this contract provides: *"Damage.* All damage, direct or indirect, of whatever nature resulting from the performance of the work or resulting to the work during its progress from whatever cause, including omissions and supervisory acts of the State, shall be borne and sustained by the Contractor, and all work shall be solely at his risk until it has been finally inspected and accepted by the State except that: * * * (b) The contractor shall not be responsible for damages resulting from faulty designs". Notwithstanding this clear language of the contract, the Court of Claims granted an award to claimant for the corrective work, relying upon a paragraph entitled *"Removal of Unsatisfactory Work".* It provides: "Wherever or whenever the District Engineer shall consider it necessary to remove any portion of the work executed under this contract for inspection or for any other purpose, no payment shall be made for such removal or for replacement of the work to satisfactory condition in case such inspection shows that the work was not constructed in accordance with the terms of the contract; nor shall payment be made for the removal or replacement of any work which may itself be satisfactory, but the removal of which is necessary for the replacement of the unsatisfactory work. But if such inspection shows that the work was constructed in accordance with the terms of the contract, payment shall be made for the removal and replacement at fair and reasonable prices for the work performed under an order on contract." That section provides for payment of the fair and reasonable price of removal and replacement of work constructed in accordance with the terms of the contract. To permit claimant to recover under this *"Unsatisfactory Work"* paragraph, absent a showing of design error, renders the damage provision of the contract a nullity by permitting the contractor to escape shouldering the risk of loss he voluntarily assumed in the contract; he need only allege and prove compliance with the contract specifications and the State must bear the loss. The *"Unsatisfactory Work"* provision does not apply to situations where obvious damage to the work under construction occurs and is apparent to both parties. Its purpose is to allow the State to examine work which appears to conform to the contract and which is offered as such by the contractor. "Damage" as used in the damage paragraph refers to work that is patently unfit. As to this work the contractor bears the risk of loss no matter what the cause, unless he can establish faulty design. *"Unsatisfactory Work"* refers to work judged unsatisfactory

by the State but which the contractor asserts meets the specifications. The contractor's defense in such cases is far broader than that of faulty design. Assuming that no damage has taken place, the State must bear the risk of loss if the work meets the contract specifications but it was error to read the *"Unsatisfactory Work"* paragraph to include the obvious damage in this case (see *Corhill Corp. v S. D. Plants,* 9 NY2d 595; *Information Sciences v Mohawk Data Science Corp.,* 56 AD2d 706). We find no error in the court's dismissal of the claim relating to alleged delays. Between June 29 and August 3, the State made site inspections, conducted soil tests, analyzed the results, considered the alternatives and made its decision. Given the magnitude of the problem presented, the period of time for study and decision was not unreasonable. Moreover, the court below found that there was "no effectual shut down" of work on the project. Claimant merely shifted his operations to other parts of the project. Additionally, shortages of gravel and claimant's equipment problems contributed to whatever delays occurred in completing the work. (Appeals from judgment of Court of Claims—contract.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.