■ TWIN VILLAGE CONSTRUCTION CORPORATION et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 51929.)—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to claimants. Denman, J., not participating. Memorandum: As low bidder, claimants were awarded a contract for the removal of existing concrete paving and the installation of wider pavement for a length of 2.31 miles of the Tonawanda Creek Road in Niagara County. The contract was dated June 30, 1967 and its completion date was August 14, 1968. Work commenced on July 26, 1967 and was officially accepted on August 4, 1969. The claims relate to additional work in connection with a "borrow" operation; an "undercutting" which involved the excavation of unsuitable soil; delays occasioned by the State's failure to timely remove utility poles from the work area and for soil analysis; and for the claimants' cost of maintaining idle equipment from the scheduled date to the actual date of completion. With respect to the "borrow" operation the Court of Claims found that the State had been at fault in providing the claimants with inadequate bid specifications for the project that did not include a sizeable quantity of "borrow" or filler material. This "borrow" quantity was incorporated into the final contract plans, and the claimants were required by the State to provide this additional material at considerable extra expense to the claimants. Despite this finding of fault on the part of the State, the Court of Claims improperly dismissed the claim relating to the "borrow" operation along with the other claims, on the ground that the claimants had failed to maintain or produce cost records to substantiate these claims. We conclude that the claimants' failure to maintain cost records is not a bar to recovery on the claim relating to the borrow operation. Under the terms of the construction contract the requirement that claims be substantiated by cost records is applicable when the work in question is deemed "extra work". The State contends that this "borrow" operation was "extra work" as defined by the contract. However, the controlling contractual provision contemplates that such "extra work" be performed under an order on contract issued by the State. Since State planners drafted the contract specifications, the State had notice of the serious discrepancy between the bid specifications and the final contract plans caused by miscalculations by State planners. Despite such knowledge, however, the State failed to take appropriate action under the "extra work" provision in the contract to remedy the problem by issuance of an order on contract. Because of its negligence in the preparation of the specifications and its failure, after notice, to resolve the problem by adherence to the requirements of the "extra work" provision, the State may not now successfully assert that the restrictive terms of the "extra work" provision bar claimants' recovery. The work performed in the "borrow" operation being outside the scope of the contract, the appropriate measure of damages is *quantum meruit* for the reasonable value of work performed by the claimants. The claimants heretofore at trial only submitted aggregate cost estimates for the work performed. The aggregate nature of these estimates prevent a proper and accurate assessment of damages. Upon the retrial directed the claimants should submit their proof on the issue of damages in the form of daily costs as determined from the State inspectors' reports, payroll sheets, and other project records, and the recollections of claimants' personnel *(D'Angelo v State of New York,* 39 NY2d 781). Finally, we conclude that the remaining

claims were properly dismissed. The claimants' failure to ascertain the quality of the underlying soil other than by mere visual inspection precludes their recovery on the claim relating to the "undercutting" *(Warren Bros. Co. v New York State Thruway Auth.,* 34 NY2d 770). The delay occasioned by the tardy removal of utility poles on the job site was not chargeable to the State *(Thomason & Perry v State of New York,* 38 AD2d 609, affd 30 NY2d 836), nor may the State be held liable for delays created by unforeseen soil conditions (see *Cauldwell-Wingate Co. v State of New York,* 276 NY 365, 376; *Foundation Co. v State of New York,* 233 NY 177, 185). We also find that the one-month delay caused by the State's soil analysis was reasonable *(Warren Bros. Co. Div., Ashland Oil & Refining Co. v State of New York,* 59 AD2d 1039). (Appeal from judgment of Court of Claims—breach of contract.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.