■ ANTHONY WATSON et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 59054.)—In a claim against the State of New York to recover damages for personal injuries, etc., predicated upon a theory of negligence, which claim arose in Orange County, the State appeals from a judgment of the Court of Claims, dated August 24, 1979, which, *inter alia,* is in favor of claimant Anthony Watson in the amount of $8,014.67. Judgment reversed, on the law, without costs or disbursements, and claim dismissed. Claimant Anthony Watson (hereinafter claimant), a resident of the Goshen Center for Boys, was accidentally injured during an assault on one of his teachers, Mr. Clark W. Brown. Judge Hanifin, in the Court of Claims, apparently found that the claimant's action in striking Brown was proxi-

mately caused by Brown's use of obscene language toward the claimant in front of his peers. The claimant and his peers were streetwise youths not likely to respond to authority figures who use only social graces and verbal niceties. Brown was an experienced instructor who used his best judgment in dealing with the claimant. Although hindsight may have proved Brown's judgment to have been in error, the acts of the instructor must be considered as of the time when, and circumstances under which, they occurred. (See *Stanton v State of New York,* 26 NY2d 990, 991; see, also, *Polk v New York Cent. R. R. Co.,* 10 AD2d 703, 704.) The claimant in any event is barred from recovery by virtue of the doctrine of assumption of the risk. Testimony shows that it was the claimant's swing at Brown which caused a clipboard that Brown was holding to fly loose and injure the claimant. In so assaulting his teacher, the claimant assumed the risk of any injuries which may have foreseeably occurred. (See *Ruggerio v Board of Educ.,* 31 AD2d 884, affd 26 NY2d 849.) We find that there was sufficient opportunity for the claimant to have exercised the good judgment to avoid an altercation. He did not, and is therefore precluded, as a matter of law, from recovering because he assumed the risk of the injury he sustained. (See *Jones v Kent,* 35 AD2d 622.) Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.