■ DAVIS CONSTRUCTION CORPORATION, Appellant, v COUNTY OF SUFFOLK, Respondent.—In an action, *inter alia,* to recover damages arising out of a construction contract, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), entered October 23, 1987, which granted the defendant's motion to dismiss the second cause of action asserted in the amended complaint, and (2) an order of the same court, entered December 29, 1987, which granted the defendant's motion for summary judgment dismissing the first cause of action asserted in the amended complaint.

Ordered that the orders are affirmed, with one bill of costs.

The appeals have their genesis in a construction contract entered into between the plaintiff Davis Construction Corp. and the defendant County of Suffolk for reconstruction of part of a road. The plaintiff's first cause of action in its amended complaint was predicated on the delays the plaintiff allegedly experienced which were due to obstructions such as underground utility lines. It is the plaintiff's position that the defendant is accountable for the extra expenses which it incurred as the result of the delays. The defendant responds that these claims are barred by the so-called "no-damage-for-delay" clauses in the contract and related documents. The Supreme Court granted the defendant's motion for summary judgment dismissing this claim. The dispositive issue is whether, as a matter of law, the delays were contemplated by the parties. We find that the contract and related documents expressly imposed upon the plaintiff the burden to check for obstructions and foreclosed damages for such delays *(see, Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297; *Thomason & Perry v State of New York,* 38 AD2d 609, *affd* 30 NY2d 836). While we recognize that willful conduct or gross negligence may serve to overcome the bar of the "no-damage-for-delay" clauses *(see, Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377), it is undisputed that any tort claims which this plaintiff may have are foreclosed, as time barred, pursuant to General Municipal Law § 50-i.

The plaintiff's second cause of action in its amended complaint was also properly dismissed. This claim for misrepresentation, which was predicated on the defendant's alleged willful or negligent actions, sounds in tort *(see, Blessington v McCrory Stores Corp.,* 305 NY 140, 147-148; *Alyssa Originals v Finkelstein,* 22 AD2d 701, *affd* 24 NY2d 976). As noted, however, the plaintiff is foreclosed in this case from asserting tort claims. Even if this claim sounded in contract, it would be barred by the exculpatory clauses in the parties' contract *(see,*

*Conduit & Found. Corp. v State of New York,* 52 NY2d 1064, *rearg denied* 53 NY2d 798). Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.