■ LYNN BORELLI, as Guardian ad Litem of JOHN M. DEMSKIE, an Infant, Appellant, v BOARD OF EDUCATION OF THE HIGHLAND SCHOOL DISTRICT et al., Respondents. (And a Third-Party Action.)—Mercure, J. Appeal from an order of the Supreme Court (Klein, J.), in favor of defendants, entered September 22, 1988 in Ulster County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff's infant son, John M. Demskie (hereinafter plaintiff), and third-party defendant, Philip Goetschius, were schoolmates and members of the Highland Middle School football team in Ulster County. Long-standing animosity finally resulted in a fight between plaintiff and Goetschius after football practice on October 11, 1983. Their coach, Arthur Franklin, stopped the altercation without injury to either boy. Thereafter, as each student was being separately escorted into the school, plaintiff suddenly broke free from Franklin, ran some 5 to 10 feet to where Goetschius was being escorted by another teacher and, without further provocation, punched Goetschius. Another altercation ensued. Plaintiff kicked at Goetschius several times; Goetschius, in turn, twisted plaintiff's leg, causing the knee injury which gave rise to this litigation. This action, alleging improper supervision, was commenced against, *inter alia,* the Board of Education of the Highland School District, Franklin and Goetschius' mother. After plaintiff presented his proof before a jury, Supreme Court dismissed the complaint. This appeal by plaintiff followed.

There should be an affirmance. We begin by recognizing that, because judgment has been granted to defendants as a matter of law, plaintiff is entitled to the benefit of every favorable inference that can reasonably be drawn from the available evidence *(see, Halmar Constr. Corp. v New York State Envtl. Facilities Corp.,* 76 AD2d 957, 958, *lv denied* 51

NY2d 705). By this standard, Supreme Court properly "found that by no rational process could the trier of the facts base a finding in favor of the [plaintiff] upon the evidence here presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245). The courts of this State have consistently held that liability for injury caused by a fight cannot be predicated upon supervisory negligence if the plaintiff voluntarily entered into the fight *(Ruggerio v Board of Educ.,* 31 AD2d 884, *affd* 26 NY2d 849; *see, Watson v State of New York,* 77 AD2d 871, 872, *affd on mem below* 52 NY2d 1022; *Jones v Kent,* 35 AD2d 622, 623; Annotation, *Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Caused by Acts of Fellow Students,* 36 ALR3d 330, 341). Here, testimony showed that it was plaintiff's lack of good judgment that caused the altercation and his kick at Goetschius that resulted in his knee injury. It was the intervening act of plaintiff and not the alleged failure of school district personnel which proximately caused plaintiff's injuries *(see, Fornaro v Kerry,* 139 AD2d 561, 562; *Rock v Central Sq. School Dist.,* 113 AD2d 1008, 1009). Clearly, "[p]laintiff's conduct, demonstrating a lack of reasonable regard for his own safety, was a direct cause of the incident resulting in his injury and, as such, defeats his right of recovery" *(Ruggerio v Board of Educ., supra,* at 884). Equally uncompelling is plaintiff's claim that Goetschius' mother negligently failed to supervise and control her son with knowledge of his "vicious propensities". There is no support in the record for plaintiff's contention that "the parent [had] knowledge of the child's propensity toward such conduct" *(Steinberg v Cauchois,* 249 App Div 518, 519), a prerequisite to imposing liability on the parent *(supra).* We have considered plaintiff's remaining arguments urging reversal and find them unpersuasive.

Order affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.