■ In the Matter of PETER HERRERO, Appellant. TENTH AVE. FINE FOODS, INC., Respondent.—Judgment of the Supreme Court, New York County (Franklin Weissberg, J.), entered on or about February 23, 1990, denying petitioner's application for judicial dissolution of the respondent corporation under Business Corporation Law § 1104-a and granting the cross motion to dismiss without prejudice to petitioner's right to commence proceedings before the American Arbitration Association, unanimously affirmed, with costs.

Petitioner and restauranteur Lawrence McIntyre incorporated a restaurant, Chelsea Central, into which they eventually brought minority shareholders. The various shareholders entered into a shareholders' agreement which contained a broad arbitration clause, requiring that "[a]ny and all controversies in connection with or arising out of this Agreement shall be determined by arbitration". By 1988, the business relationship between Herrero on the one hand, and McIntyre and the other shareholders on the other hand, had become contentious. At a shareholders meeting in March of 1988, which Herrero did not attend, but at which he was represented by his attorney, the other shareholders voted to remove him from office as an officer and director. Subsequently, after an unsuccessful offer to buy out Herrero, they tendered a check for a considerably lesser amount, but at a valuation allegedly set forth in a shareholder agreement. Herrero commenced the instant action, claiming that he was being frozen out and alleging the oppressive conduct of the majority shareholders. The motion court, on the basis of the arbitration

clause, dismissed the petition. We agree. The subject arbitration clause is sufficiently broad to reach the present controversy which, despite petitioner's mischaracterization, arises in connection with a shareholder agreement. We have noted that broad arbitration clauses should be given full effect *(Matter of Praetorian Realty Corp. [Presidential Towers Residence],* 49 AD2d 816, *affd* 40 NY2d 897). For the motion court to intervene would have frustrated the originally stated intention of the parties and would have been inappropriate *(see, Matter of Weinrott [Carp],* 32 NY2d 190). Petitioner may still pursue his rights before the American Arbitration Association. Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.