■ NOVAK & Co., INC., Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Kelly, J.), entered October 10, 1989, which, *inter alia,* granted those branches of the defendant's motion which were for partial summary judgment dismissing the plaintiff's second and third causes of action and for partial summary judgment in its favor on its counterclaim for liquidated damages.

Ordered that the order and judgment is modified, by deleting the fifth decretal paragraph thereof, and substituting therefor a provision denying that branch of the defendant's motion which was for partial summary judgment in its favor on its counterclaim for liquidated damages; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a plumbing contractor, and one of several prime contractors, brought this action to recover damages arising out of its plumbing work on a project for the construction of a new hospital. The contract form used with each contractor included a broad no-damage-for-delay clause, prohibiting the contractors from recovering delay damages from the defendant for any delays from any cause whatsoever, a hold harmless clause from the action or inaction of any of the other contractors, and a liquidated damages clause fixing a daily rate of $400 per day for each day the contractor is in default after the stated completion date.

It is well established that no-damage-for-delay clauses commonly included in construction contracts are enforceable unless the claimed delays were not contemplated by the parties at the time they entered into the contract or the delay damages were the result of the contractee's intentional wrongdoing, gross negligence or willful misconduct *(see, Corinno*

*Civetta Constr. Corp. v City of New York,* 67 NY2d 297; *Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377; *Davis Constr. Corp. v County of Suffolk,* 149 AD2d 404; *Martin Mechanical Corp. v Carlin Constr. Co.,* 132 AD2d 688). On this record, we find that the plaintiff has failed to raise any factual issue that the delays were not contemplated by the parties or that the defendant's conduct could be found willful, malicious, in bad faith or grossly negligent. Therefore, partial summary judgment dismissing the plaintiff's second cause of action was properly granted.

However, upon review of the clause relating to liquidated damages, we find that, as a matter of law, the court improperly determined this provision to be unqualified or unconditional. On the contrary, the contract expressly states that a contractor shall not be liable for liquidated damages if the delay in completion was due to, *inter alia,* acts of another contractor in the performance of a contract with the owner. Since the plaintiff's papers in opposition include correspondence notifying the defendant of delays caused by other contractors, we find that a question of fact is presented for trial, namely whether the delays in completion were caused by the delays of other contractors with whom the plaintiff was required by the defendant to coordinate its work *(see, Kelly v Board of Educ.,* 7 AD2d 856, 857, *affd* 8 NY2d 764). Thus, partial summary judgment was not proper on this counterclaim in light of the provision which expressly states that the plaintiff shall not be liable for delays caused by other contractors. The fact that the plaintiff may not recover against the defendant for delay damages thus sustained does not mean that the defendant can penalize the plaintiff for delays.

We have examined the plaintiff's remaining contention with respect to its third cause of action and find it to be without merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.