Scekic v SL Green Realty Corp. (2021 NY Slip Op 04207)





Scekic v SL Green Realty Corp.


2021 NY Slip Op 04207


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Index No. 113386/10, 590275/11, 590815/11, 590948/12 Appeal No. 14160 Case No. 2019-04749 

[*1]Zoran Scekic, et al., Plaintiffs,
v
SL Green Realty Corp., et al., Defendants.
Structure Tone, Inc., Third-Party Plaintiff,
v
React Industries, Inc., et al., Third-Party Defendants.
Structure Tone, Inc., Second Third-Party Plaintiff-Respondent, SL Green Realty Corp., Second Third-Party Plaintiff,
v
FRP Sheet Metal Contracting Corp., Second Third-Party Defendant-Appellant. [And a Third Third-Party Action.]


Fabiani Cohen & Hall, LLP, New York (Thomas J. Hall and Allison A. Snyder of counsel), for appellant.
Barry McTiernan & Moore LLC, New York (William Joyce of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 17, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of second third-party plaintiff Structure Tone, Inc. (Structure Tone) for summary judgment on its third-party claim for contractual indemnification against FRP, unanimously affirmed, without costs.
The purchase order at issue contains a clause under which indemnity lies in favor of Structure Tone where the claim arises in any manner from the acts or omissions of FRP, its officers, directors, agents, employees, and subcontractors "in connection with the performance of any work by Subcontractor pursuant to this purchase order." FRP's interpretation of the clause as only being triggered where it performs the work itself would impermissibly render that portion of the provision making FRP responsible for its subcontractors without force or effect (see Corhill Corp. v S. D. Plants, Inc., 9 NY2d 595 [1961]; see also Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]). Further, the word "Subcontractor" is used interchangeably in the purchase order to refer to FRP and its subcontractors. Thus, when reading the purchase order as a whole, the indemnification provision is triggered whether the work being performed is that of FRP or its subcontractors, and was thus triggered here (see Millennium Holdings LLC v Glidden Co., 146 AD3d 539, 545 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021