Suozzo v Charles Schwab & Co., Inc.
2026 NY Slip Op 03650
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Suozzo et al., Plaintiffs-Appellants,
v
Charles Schwab & Co., Inc., Defendant-Respondent.

Decided and Entered: June 09, 2026
Index No. 5596/24|Appeal No. 6825|Case No. 2025-04372|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Joseph Suozzo and Gemma Suozzo, appellants pro se.
Davis Wright Tremaine LLP, New York (Gaurav K. Talwar of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about July 8, 2025, which, to the extent appealed from, granted defendant's motion, in effect, for leave to renew its motion to compel arbitration and stay the action and, upon renewal, granted the motion, and denied as moot plaintiffs' cross-motion for a default judgment, summary judgment, class certification, and a trial preference, unanimously affirmed, without costs.
The arbitration clause in plaintiffs' account agreement with defendant brokerage firm "was clear, explicit and unequivocal, and thus should be fully enforced" (Matter of Days Impex Ltd. v Solomon Blum Heymann & Stich LLP, 73 AD3d 615, 615 [1st Dept 2010]). As plaintiffs' claims against defendant, premised on their allegations that defendant issued them inaccurate IRS Form 1099s on a brokerage account, are undisputedly within the broad scope of the agreement's arbitration clause, the court correctly granted defendant's motion to compel arbitration and stay the proceedings (see Matter of Herrero [Tenth Ave. Fine Foods], 168 AD2d 343, 343-344 [1st Dept 1990]).
The arbitration agreement was not unconscionable or grossly prejudicial to plaintiffs in the absence of any evidence that plaintiff account holder "lacked meaningful choice or was otherwise pressured into executing the [agreement]" (Arrowhead Golf Club, LLC v Bryan Cave, LLP, 59 AD3d 347, 348 [1st Dept 2009]; see also Gillman v Chase Manhattan Bank, 73 NY2d 1, 10-11 [1988]).
The court properly denied plaintiffs' cross-motion as moot because those claims must be raised at arbitration.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026