■■ SOUTH & CENTER CHAUTAUQUA LAKE SEWER DISTRICT,
Respondent-Appellant, v SECORD BROS., INC., Appellant-Re-
spondent.—Order unanimously affirmed without costs. Memo-
randum: Plaintiff hired defendant to modernize three sewage
pumping stations and to construct five new stations pursuant
to a contract entered into on October 17, 1984. Progress
payments amounting to 95% of the contract price were to be
paid monthly and, upon "substantial completion" of the con-
tract, the remainder, less any amounts determined by the
engineer, would be paid. The contract further provided that
the work "will be substantially completed within 510 days"
after the date on which the contract begins to run, and that,
since time is of the essence, defendant shall pay $300 per day
as liquidated damages for failure of substantial completion
after that date. Plaintiff commenced this action in March
1987, alleging that defendant breached the contract by failing
to complete each pumping station by the contractual dead-
lines. Plaintiff and defendant each appeal from the denial of
their motion and cross motion for summary judgment on the
issue of whether the contractual requirement of "substantial
completion" was met. While defendant clearly failed to apply
for and obtain a certificate of substantial completion, there
are issues of fact whether plaintiff has waived the right to
insist on one, or is estopped from so insisting. We note that,

contrary to plaintiff's contention, defendant may resist summary judgment by a defense he has not pleaded (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:10, at 431). We further find no abuse of discretion in the denial of plaintiff's motion to strike defendant's fourth interrogatory, as that information may be relevant on the issue of waiver. We have examined the remaining issues on appeal and find them to be without merit. (Appeals from order of Supreme Court, Chautauqua County, Ricotta, J. —summary judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.