■ Rosa C. Bellamy, Appellant, v Estate of Ray Efros, Deceased, et al., Respondents. [618 NYS2d 274] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered February 7, 1994, which, *inter alia,* granted defendants' cross motion for summary judgment on their counterclaim seeking delivery of a down payment, and judgment of said court and Justice entered thereon on May 27, 1994, unanimously affirmed, without costs.

The IAS Court properly concluded that defendants were entitled to the contract deposit as liquidated damages following plaintiff's default in failing to attend on the final closing date. Although the contract did not specifically make time of the essence, defendants' counsel subsequently made it clear in his correspondence that time was of the essence *(see, Liba Estates v Edryn Corp., 178 AD2d 152).* The November 12, 1992 letter stressed that the final adjournment was being granted only as a courtesy in light of the illness of plaintiff's husband; plaintiff was told that it would be "the last" adjournment. In the December 9, 1992 letter, plaintiff again was reminded that the day scheduled for the closing was final. Although plaintiff was on notice for a month that December 12, 1992 was the final "law day", she apparently took no steps to arrange for a representative to attend the closing. As defendants concede, plaintiff was preoccupied with a personal crisis, yet she fails to explain why arrangements could be made to have a representative inspect the apartment on the day before the closing but not to have someone attend the closing itself. Plaintiff was afforded a reasonable opportunity to close or to arrange for a representative to do so.

We have considered plaintiff's remaining contentions and find them to be without mert. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.