■ RICHARD H. LIST, INC., Appellant-Respondent, v TOWN OF HALFMOON, Respondent-Appellant. [625 NYS2d 708] —Cardona, P. J. Cross appeals from an order of the Supreme Court (James, J.), entered April 12, 1994 in Saratoga County, which granted plaintiff's motion for partial summary judgment and defendant's cross motion for summary judgment on an affirmative defense.

In December 1991, the parties entered into a written agreement whereby plaintiff was to furnish and install, *inter alia,* a water transmission main at an agreed-upon price of $766,920.10. The agreement also contained a liquidated damages clause which stated that defendant would be entitled to $500 for each day beyond August 3, 1992 that plaintiff's work was not substantially completed. Upon plaintiff's request, the substantial completion date was extended to August 24, 1992. By letter dated November 10, 1992, plaintiff informed defendant that as of "this writing" the work was "now substantially complete". Subsequently, defendant refused to pay the balance of $85,266.08 due under the agreement based on its assertion that $42,000 in liquidated damages was owed by plaintiff for the delay.

Plaintiff then commenced this action for breach of contract and in response defendant raised the $42,000 liquidated damages claim as one of its affirmative defenses. Both sides moved for summary judgment. Plaintiff sought the sum of $43,266.08 on the ground that defendant's answer raised a defense only as to $42,000 of the $85,266.08 balance due under the agreement. For its part, defendant sought the $42,000 it claimed it was entitled to as liquidated damages. Supreme Court granted both motions. The parties have both appealed from the court's resulting order.

Turning first to the question of liquidated damages, contrary to plaintiff's argument, no triable issues of fact exist and, thus, Supreme Court properly granted defendant's motion for summary judgment on this issue *(see, Bellamy v Estate of Efros,* 209 AD2d 182; *cf., Smith Elec. Contrs. v City of New York,* 211 AD2d 485). Although plaintiff argues

that defendant failed to establish that plaintiff had not substantially completed the work by August 24, 1992, the letter of November 10, 1992, written and signed by plaintiff, admits that the work was not substantially complete until the date of that letter *(cf., South & Ctr. Chautauqua Lake Sewer Dist. v Secord Bros.,* 149 AD2d 978). There is also no evidence in the record to support plaintiff's contention that defendant prevented performance of the agreement thus excusing the delay. We also note that the liquidated damages clause specifically stated that the damages were for delay and not as a penalty. Such a "no-damage-for-delay" clause is enforceable where, as here, there is no evidence that the delays were not contemplated by the parties or that defendant's conduct was willful or in bad faith *(see, Novak & Co. v Dormitory Auth.,* 172 AD2d 653, *appeal dismissed* 79 NY2d 915).

With respect to the balance of the money owed to plaintiff under the agreement, we note that defendant takes issue with Supreme Court's award of this sum to plaintiff only in the event that this Court were to find the award of liquidated damages to have been improper. Given this Court's resolution of the latter issue in defendant's favor, it is unnecessary to address the question of the propriety of the award of summary judgment to plaintiff for the balance owed under the agreement.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.