TOWER ELECTRIC, INC., Appellant, v MADISON THIRD BUILDING COMPANIES, LLC, Respondent. [857 NYS2d 208]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated July 3, 2007, which granted the defendant's cross motion for summary judgment dismissing the complaint and denied, as academic, its motion for summary judgment.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's cross motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross motion, and (2) by deleting the words "as academic" from the provision thereof denying the plaintiff's motion for summary judgment; as so modified, the order is affirmed, without costs or disbursements.

On or about February 4, 2000 the plaintiff, a licensed electrical contractor, and the defendant, the owner of certain premises, entered into a construction contract. Pursuant to the contract, the plaintiff was to perform certain electrical work on the premises for the total sum of $400,000. The contract expressly stated that, prior to final payment, the plaintiff was to obtain written acceptance from the architect that all of its work had been completed in a satisfactory manner. On or about February 2, 2006 the plaintiff commenced the instant action against the defendant seeking to recover damages for breach of contract. The plaintiff alleged that it had completed its electrical work, but that the defendant still owed it a balance of $100,000. The

plaintiff thereafter moved for summary judgment seeking to recover the balance due, and the defendant cross-moved for summary judgment dismissing the complaint, asserting, inter alia, that the plaintiff was not entitled to the balance it claimed because it failed to comply with the above-described contractual provision. The Supreme Court agreed with the defendant, granted its cross motion, and denied the plaintiff's motion as academic.

There are triable issues of fact which preclude the granting of summary judgment in favor of either party. For example, in its cross motion, the defendant claimed that it never waived the provision of the contract requiring the plaintiff to obtain written acceptance from the architect prior to final payment that all work had been completed in a satisfactory manner. Further, the defendant stated that it never received a final written acceptance from the architect. The defendant points out that it received from the architect a punch list of incomplete items of electrical work on November 3, 2001. On the other hand, the plaintiff claimed that all work was completed prior to the end of the year 2000, and the tenant occupied the premises. Neither the defendant nor the tenant called to the plaintiff's attention any item of defective, negligent, or incompetent work. Furthermore, the plaintiff claims that the architect played practically no role in supervising its work, and it supported that contention with an affidavit from an employee of the architect. Rather, most of the directions the plaintiff received were from the owner or its parent company. Moreover, the plaintiff pointed out that it received a $50,000 payment from the defendant in October 2001, which was 10 months after it claimed to have completed the work. The plaintiff contends that the defendant never asked for the architect's acceptance.

Under the circumstances, there are triable issues of fact, inter alia, as to whether the defendant waived the right to insist that the plaintiff obtain written acceptance from the architect prior to final payment under the contract (*see South & Ctr. Chautauqua Lake Sewer Dist. v Secord Bros.,* 149 AD2d 978 [1989]). Thus, the defendant's cross motion for summary judgment should have been denied. Furthermore, while the Supreme Court correctly denied the plaintiff's motion, it should have been denied on the merits. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.